FILED
FEBRUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, a minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | |
| FERNANDEZ FOOD SERVICES, INC., an ) | **08 C 1149** |
| Illinois corporation, LA MAGDALENA, INC., an ) | |
| Illinois corporation, LA MAGDALENA II, INC., ) | |
| an Illinois corporation, LA MAGDALENA III, ) | **JUDGE BUCKLO** |
| INC., an Illinois corporation, ADDISON ) | **MAGISTRATE JUDGE NOLAN** |
| RESTAURANT SERVICES, INC., an Illinois ) | |
| corporation, d/b/a LA HACIENDA DE LOS ) | |
| HERNANDEZ, BESA MI TACO, INC., an Illinois ) | |
| Corporation. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, JANE DOE, by and through her attorneys, the Law Offices of Eugene K. Hollander, and for her Complaint At Law, states as follows:

### JURISDICTION

1.   This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) – 2. Jurisdiction of this court is based upon a federal question, 28 U.S.C. § 1331. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 2000(e) – 2, providing for declaratory, injunctive and other relief against employment discrimination based upon sex and for retaliation for openly complaining of sex discrimination. The court has supplemental jurisdiction over the claims for common law claims pursuant to the Judicial Improvements Act, 28 U.S.C. § 1367(a)-(1).

2. Venue in this district is proper under 28 U.S.C. Sec.1391 (B). The Defendants reside or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission, (hereinafter, "EEOC") by Plaintiff JANE DOE (hereinafter, "DOE") against Defendant FERNANDEZ FOOD SERVICES, INC., (hereinafter, "TRUE VALUE"), on May 17, 2007, No. 440-2007-05417, alleging sex discrimination, a copy of which is attached hereto as **Exhibit 1**.

    b. The EEOC issued a notice of right to sue for Charge No. 440-2007-05417 on February 8, 2008, a copy of which is attached hereto as **Exhibit 2**.

    c. A charge of employment discrimination was filed with the by Plaintiff JANE DOE against Defendants, LA MAGDALENA, INC., LA MAGDALENA II, INC., ADDISON RESTAURANT SERVICES, INC., and BESA MI TACO, INC., on May 31, 2007, No. 440-2007-05036, alleging sex discrimination, a copy of which is attached hereto as **Exhibit 3**.

    d. The EEOC issued a notice of right to sue for Charge No. 440-2007-05036 on February 8, 2008, a copy of which is attached hereto as **Exhibit 4**.

## PARTIES

4. DOE is a citizen of the United States and the State of Illinois and resides in Elk Grove Village, Cook County, Illinois. During all relevant times herein, DOE is a minor, under the age of eighteen years.

5. DOE was a member of a protected class, female, when the unlawful employment practices occurred.

6. Defendant FERNANDEZ FOOD SERVICES, INC. is an Illinois corporation and is engaged in the restaurant business.

7. FERNANDEZ FOOD SERVICES, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

8. FERNANDEZ FOOD SERVICES, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

9. Defendant LA MAGDALENA, INC. is an Illinois corporation and is engaged in the restaurant business.

10. LA MAGDALENA, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

11. LA MAGDALENA, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

12. Defendant LA MAGDALENA II, INC. is an Illinois corporation and is engaged in the restaurant business operating the restaurant commonly known as La Magdalena in Elk Grove Village Illinois.

13. LA MAGDALENA II, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

14. LA MAGDALENA II, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

15. Defendant LA MAGDALENA III, INC. is an Illinois corporation and is engaged in the restaurant business.

16. LA MAGDALENA III, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

17. LA MAGDALENA III, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

18. Defendant ADDISON RESTAURANT SERVICES, INC. ("ADDISON") is an Illinois corporation and is engaged in the restaurant business.

19. ADDISON RESTAURANT SERVICES, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

20. ADDISON RESTAURANT SERVICES, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b). On information and belief, ADDISON RESTAURANT SERVICES, INC. is the parent corporation of Defendants, LA MAGDALENA, INC., LA MAGDALENA II, INC., FERNANDEZ FOOD SERVICES, INC., and BESA MI TACO INC.

21. Defendant BESA MI TACO, INC. is an Illinois corporation and is engaged in the restaurant business.

22. BESA MI TACO, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

23. BESA MI TACO, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

24. Collectively, the Defendants operate Mexican restaurants and catering services in the Chicago metropolitan area under the assumed names La Hacienda, La Magdalena, Besa Mi Taco, and La Mag's Catering.

## BACKGROUND FACTS

25. Plaintiff DOE was hired as a Hostess to work in Defendants' restaurant La Magdalena in Elk Grove Village in April, 2006.

26. At all times pertinent hereto, Doe reported to Supervisor Fernando Lopez, ("LOPEZ"). LOPEZ had the authority to hire and fire employees, and interviewed and hired the Plaintiff. LOPEZ also determined the hours of his employees, including the Plaintiff.

27. Commencing shortly after the commencement of her employment, LOPEZ and other male employees of Defendants made unwelcome, unwanted and repeated, sexually suggestive comments to Plaintiff DOE as well as made sexual advances toward DOE. Plaintiff DOE complained to her Supervisor, LOPEZ, about a server's inappropriate sexually charged remarks, however, LOPEZ ignored Plaintiff DOE's complaints.

28. LOPEZ inappropriately and sexually suggestively touched and fondled Plaintiff DOE, despite DOE'S repeated statements that said comments and touching were offensive and unwanted. LOPEZ's advances toward DOE resulted in sexual relations with her outside and inside the office of the restaurant.

29. As a result of LOPEZ's actions toward Plaintiff, he was charged with the criminal offense of aggravated criminal sexual assault, in the Circuit Court of Cook County, Case No. 06 CR 23323. LOPEZ fled the country before his criminal case came up for trial.

30. LOPEZ's conduct toward Plaintiff DOE was severe and pervasive, and was well known to Defendant's staff. By way of example, LOPEZ inappropriately made advances and fondled other female employees of Defendants.

31. Throughout DOE'S employment, LOPEZ made these offensive remarks, unwanted gestures, and advances toward DOE during the scope of his employment with Defendants.

32. DOE subsequently was constructively terminated by Defendants in August, 2006.

33. Defendant ADDISON splintered the business enterprise into multiple corporations on order to defeat the federal antidiscrimination laws.

34. The ownership of Defendants was highly integrated as was their business operations. ADDISON either directed, condoned or ratified the subsidiary corporations' practice

of integrating the labor forces between the restaurants. By way of example, LOPEZ not only worked at Defendants' La Magdalena location in Elk Grove Village, Illinois, but also worked from time to time at La Hacienda in Addison, Illinois. Other supervisors and servers were freely interchanged and also worked at La Hacienda in Addison, Illinois. The bartender who regularly worked at La Magdalena in Elk Grove Village also worked from time to time at Defendant's restaurant, Besa Mi Taco in Itasca, Illinois.

35. Neither Defendant ADDISON, nor any other Defendant herein, conduct sexual harassment training for its employees while Plaintiff DOE was employed by Defendants.

36. Plaintiff DOE was never told who she could complain to about sexual harassment, and was never told that she would be protected from retaliation if she did so.

## COUNT I
## SEXUAL HARASSMENT

37. Plaintiff reincorporates and realleges Paragraphs 1 through 36 as though more fully set forth herein.

38. As a result of LOPEZ'S inappropriate and unwelcome sexual behavior toward Plaintiff DOE, the Plaintiff's work environment was sexually hostile. Defendants, and specifically Defendant ADDISON, knew or should have known of LOPEZ's history of harassment and seduction of female employees and his sexually predatory propensities.

39. Defendants had a special duty to protect Plaintiff DOE and its other employees from harassment because of the large number of female employees under the age of eighteen.

40. Defendants' failure to take any steps to stop LOPEZ'S and the other staff members' behavior amounted to an endorsement, ratification, approval, and perpetuation of their employees' sexual behavior and a sexually hostile work environment.

41. By creating, condoning, and perpetuating a sexually hostile work environment, Defendants have intentionally and with reckless indifference and disregard violated Title VII of the Civil Rights Act of 1991.

42. Defendants' endorsement, ratification, approval, and perpetuation of their employees' sexual behavior, including, but not limited to, LOPEZ, has caused Plaintiff DOE to suffer severe humiliation, embarrassment, degradation, and emotional distress.

43. On November 14, 2007, the EEOC found reasonable cause that the Defendants herein discriminated against the Plaintiff and a class of female employees, in that they were subjected to sexual harassment in violation of Title VII.

44. As a result of the intentional acts complained of herein, Plaintiff DOE has suffered and will continue to suffer the loss of employment with Defendants and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff DOE has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, JANE DOE, respectfully prays that this Honorable Court:

   a. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

   b. Permanently enjoin Defendants, their agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

 c. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of sex;

 d. Immediately assign Plaintiff DOE to that job she would now be occupying but for the sexually hostile practices of Defendants, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff DOE to those which she would be enjoying but for the sexually hostile practices of Defendants, or, if this is impossible, award Plaintiff DOE front-end pay;

 e. Compensate and make Plaintiff DOE whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the sexually hostile practices of Defendants;

 f. Award Plaintiff DOE the costs and disbursements of this action, including reasonable attorney's fees;

 g. Award Plaintiff DOE punitive damages for Defendants' willful conduct; and

 h. Grant such other relief as may be just and proper.

### COUNT II
### NEGLIGENT SUPERVISION HIRING, SUPERVISION AND RETENTION

46. Plaintiff reincorporates and realleges Paragraphs 1 through 45 as though more fully set forth herein.

47. Defendants owed a duty to its employees, including, but not limited to, Plaintiff DOE to safeguard them from harmful conduct that might be undertaken by their supervisors and employees.

48. Defendants were careless and negligent, and breached this duty by:

 i. failing to hire competent and adequately trained supervisors;

ii. failed to take any action against LOPEZ despite their actual and constructive knowledge of his behavior;

iii. failed to take any action against the other employees who sexually harassed Plaintiff DOE despite their actual and constructive knowledge of the behavior of those employees;

iv. failed to adequately supervise LOPEZ and the other employees who sexually harassed the Plaintiff;

v. failed to discharge LOPEZ and the other employees who sexually harassed the Plaintiff when they knew or should have known of their illegal conduct.

49. Defendants' failure to take any action made it reasonably foreseeable that LOPEZ and the other employees who sexually harassed the Plaintiff and other female employees would continue to prey upon the Plaintiff DOE.

50. Defendants had a special duty to protect the Plaintiff and its other employees from harm because of the large number of female employees under the age of eighteen whom Defendants hired to work at their restaurants.

51. As a proximate result of the foregoing negligence by the Defendants, Plaintiff DOE has suffered substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

52. Defendants' duty not to be negligent is completely independent of any duties created by the Illinois Human Rights Act.

53. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, JANE DOE, respectfully prays that this Honorable Court award her compensatory damages in excess of $75,000 and award her reasonable costs in bringing this action.

9

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff DOE reincorporates and realleges Paragraphs 1 through 36 and 46-53 as though more fully set forth herein.

55. As a proximate result of the actions alleged in Count II herein, Plaintiff has suffered emotional distress.

56. Defendants' duty not to be negligent is completely independent of any duties created by the Illinois Human Rights Act.

57. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, JANE DOE, respectfully prays that this Honorable Court award her compensatory damages in excess of $75,000 and award her reasonable costs in bringing this action.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff DOE reincorporates and realleges Paragraphs 1 through 36 and 46-53 as though more fully set forth herein.

59. This count arises from LOPEZ'S intentional infliction of emotional distress on Plaintiff DOE.

60. During the course of her employment with Defendants, LOPEZ intentionally subjected Plaintiff DOE to conduct that was extreme and outrageous.

61. By way of example, LOPEZ:

   i. Withheld Plaintiff DOE's paychecks on multiple occasions until such time that Plaintiff submitted to LOPEZ's sexual demands;

   ii. Locked Plaintiff DOE in the office of La Magdalena and falsely imprisoned her until such time that Plaintiff DOE unwillingly submitted to LOPEZ's sexual demands;

       iii.      Made Plaintiff stay after work late after she refused to submit to his sexual advances;

       iv.      Physically grabbed and shook the Plaintiff when Plaintiff refused to discuss her personal life with LOPEZ;

       v.      Yelled at the Plaintiff about purported job deficiencies after she refused to engage in sexual contact with him.

62. Defendants intended for this extreme and outrageous conduct to inflict severe emotional distress on Plaintiff DOE or knew that there was a high probability that LOPEZ's conduct would cause such distress.

63. Plaintiff DOE suffered and continues to suffer from the extreme and outrageous conduct inflicted on her by Defendants.

64. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff JANE DOE, respectfully prays that this Honorable Court enter judgment against Defendants in a sum of excess of $75,000.00 as and for compensatory damages and $2,500,000 as and for punitive damages, plus the costs of this suit.

## COUNT V
## WILLFUL AND WANTON MISCONDUCT

65. Plaintiff DOE reincorporates and realleges Paragraphs 1 through 36 and 54 through 64 as though more fully set forth herein.

66. Defendants knew or should have known that their failure to take action against LOPEZ despite their actual or constructive knowledge of his behavior would likely and probably result in injury to its employees, including minors, and including the Plaintiff.

67. Defendant knowingly and intentionally disregarded the substantial risk and danger that it knew or should have known would result from their respective failures to take action.

68. Through their reckless disregard for the substantial risk and danger to its employees, Defendants ratified the outrageous conduct of its supervisory employee, LOPEZ.

69. Defendants' failure to take any action against LOPEZ showed an utter indifference to or conscious disregard for the safety of its employees.

70. Defendants had a special duty to protect Plaintiff DOE and its other employees from harassment because of the large number of female employees under the age of eighteen who worked at their restaurants.

71. By disregarding this knowledge of substantial risk posed by LOPEZ's behavior, Defendants have committed willful and wanton misconduct.

72. As a proximate result of the foregoing negligence by the Defendants, Plaintiff DOE has suffered substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

73. Defendants' duty not to be negligent is completely independent of any duties created by the Illinois Human Rights Act.

74. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff JANE DOE, respectfully prays that this Honorable Court enter judgment against Defendants in a sum of excess of $75,000.00 as and for compensatory damages and $2,500,000 as and for punitive damages, plus the costs of this suit.

### COUNT VI
### ASSAULT AND BATTERY

75. Plaintiff DOE reincorporates and realleges Paragraphs 1 through 36 and 54-64 as though more fully set forth herein.

76. Defendants, through their agent LOPEZ, repeatedly and willfully touched Plaintiff without her consent in an offensive manner and with the intent of harming Plaintiff, and intentionally placed Plaintiff in reasonable apprehension of such conduct.

77. When LOPEZ was committing assault and battery against the Plaintiff, he was acting as an alter ego of Defendants.

78. Defendant were either aware or should have been aware of the assault and battery being committed against the Plaintiff by LOPEZ.

79. As a proximate result of the foregoing negligence by the Defendants, Plaintiff DOE has suffered substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

80. Defendants' duty not to be negligent is completely independent of any duties created by the Illinois Human Rights Act.

81. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff JANE DOE, respectfully prays that this Honorable Court enter judgment against Defendants in a sum of excess of $75,000.00 as and for compensatory damages and $2,500,000 as and for punitive damages, plus the costs of this suit.

Respectfully Submitted,
JANE DOE

/s/ Eugene K. Hollander
One of Her Attorneys

Eugene K. Hollander (EHollander@ekhlaw.com)
Paul W. Ryan (PRyan@ekhlaw.com)
**The Law Offices of Eugene K. Hollander**
33 North Dearborn
Suite 2300
Chicago, IL 60602
(312) 425-9100

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 440-2007-05417 |

Illinois Dept. of Human Rights ___ and EEOC
*State or local Agency, if any*

| NAME (Include Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Eugene K. Hollander, attorney | 312-425-9100 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 33 N. Dearborn St., Suite 2300 | Chicago, IL 60602 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| La Magdalena II, Inc. | 15+ | 847-593-9970 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 950 Town Center | Elk Grove Village, IL 60007 | Cook |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| Fernandez Food Services, Inc. | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1571 Lake Street | Addison, IL 60101 | DuPage |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)):
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)
                      9/2/06
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. I am filing this charge on behalf of the minor, Jane Doe. Jane Doe was hired as a Hostess at Respondent's restaurant in Elk Grove Village in or about May, 2006.

II. During Jane Doe's employment, the Respondent discriminated against Jane Doe in violation of Title VII of the United States Code. Jane Doe's supervisor, Fernando Lopez, subjected her to a sexually hostile work environment by having sexual relations with her in and outside of the restaurant.

III. These sexual encounters were unwelcome and unwanted to Jane Doe as she could not legally consent to them.

RECEIVED EEOC
MAY 23 2007
CHICAGO DISTRICT OFC

EXHIBIT 1

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY. (when necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT
Eugene K. Hollander

DATE 5/17/07

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

Notary Public/Seal

EEOC Form 161-A (3/98)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: Eugene K. Hollander, Esq.  
33 North Dearborn Street  
Suite 2300  
Chicago, IL 60602  

From: Chicago District Office  
500 West Madison St  
Suite 2800  
Chicago, IL 60661  

Certified Mail   7001 0320 0006 1098 2351

[X]  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-05417 | Kirsten J. Peters, Investigator | (312) 353-8900 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_  
John P. Rowe,  
District Director

2/8/08  
(Date Mailed)

Enclosures(s)

cc: FERNANDEZ FOOD SERVICES, INC.

**EXHIBIT 2**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2007-05036 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Eugene K. Hollander, Esq.
**Home Phone** (Incl. Area Code): (312) 425-9100
**Date of Birth**:

**Street Address / City, State and ZIP Code**: 33 North Dearborn Street, Suite 2300, Chicago, IL 60602

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: LA MAGDALENA II, INC.
**No. Employees, Members**: 15 - 100
**Phone No.**: (847) 593-9970
**Street Address**: 950 Town Center, Elk Grove Village, IL 60007

**Name**: LA MAGDALENA, INC.
**No. Employees, Members**: 15-100
**Phone No.**:
**Street Address**: 450 Elmwood, Addison, IL 60101
(See additional Respondents on the attached page.)

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: — Latest: 09-02-2006
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I. I am filing this charge on behalf of the minor, Jane Doe. Jane Doe was hired as a Hostess at Respondent's restaurant in Elk Grove Village in or about May, 2006.

II. During Jane Doe's employment, the Respondent discriminated against Jane Doe in violation of Title VII of the United States Code. Jane Doe's supervisor, Fernando Lopez, subjected her to a sexually hostile work environment by having sexual relations with her in and outside of the restaurant.

III. These sexual encounters were unwelcome and unwanted to Jane Doe as she could not legally consent to them.

**EXHIBIT 3**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

5/31/07 — *Eugene Hollander* (Charging Party Signature)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

RECEIVED

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
MAY 31 2007

Here:
EEOC Charge No. 440-2007-05036
Eugene Hollander v. La Magdalena II
Page 2 (Charge of Discrimination)

Additional Named Respondents:

LA MAGDALENA III, INC.
1571 West Lake Street
Addison, IL 60101

ADDISON RESTAURANT SERVICES, INC.
1001 West Lake Street
Addison, IL 60101

LA HACIENDA DE LOS FERNANDEZ
1001 West Lake Street
Addison, IL 60101

BESA MI TACO, INC.
1571 West Lake Street
Addison, IL 60101

I declare under penalty of perjury that the above is true and correct.

5/31/07
Date

Eugene Hollander
Charging Party Signature



EXHIBIT 3 cont.

EEOC Form 161-A (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| | | | |
|---|---|---|---|
| To: | Eugene K. Hollander, Esq.<br>33 North Dearborn Street<br>Suite 2300<br>Chicago, IL 60602 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

Certified Mail 7001 0320 0006 1098 2610

[X]   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-05036 | Kirsten J. Peters,<br>Investigator | (312) 353-8900 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     _John P. Rowe_     2/8/08
John P. Rowe,     (Date Mailed)
**District Director**

cc:   LA MAGDALENA II, INC., etc al.



EXHIBIT 4