UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, a Minor, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08 C 1149 |
| ) | |
| FERNANDEZ FOOD SERVICES, INC., an ) | Judge Elaine Bucklo |
| Illinois corporation; LA MAGDALENA, INC. an ) | |
| Illinois corporation; LA MAGDALENA II, INC. an ) | Magistrate Judge Nan Nolan |
| Illinois corporation; LA MAGDALENA III, INC. ) | |
| an Illinois corporation; ADDISON RESTAURANT ) | |
| SERVICES, INC., an Illinois corporation d/b/a ) | |
| LA HACIENDA DE LOS HERNANDEZ; BESA ) | |
| MI TACO, INC., an Illinois Corporation, ) | |
| ) | |
| Defendants. ) | |

**ANSWER BY LA MAGDALENA II, INC.
TO THE COMPLAINT AT LAW**

Defendant, LA MAGDALENA II, INC. (LM II), by its attorneys, Gaffney & Gaffney, for its Answer to the Complaint at Law of JANE DOE (DOE), states:

**JURISDICTION**

1. This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2. Jurisdiction of this court is based upon a federal question, 28 U.S.C. §1331. The jurisdiction of this Court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. §2000(e)-2, providing for declaratory, injunctive and other relief against employment discrimination based upon sex and for retaliation for openly complaining of sex discrimination. The court has supplemental jurisdiction over the claims for common law claims pursuant to the Judicial Improvements Act, 28 U.S.C. §1367(a)(1).

1

**LM II Answer to Paragraph 1**:   LM II admits jurisdiction and denies the remaining allegations of paragraph 1.to the extent of any explicit or implicit allegation that LM II violated any law.

    2.    Venue in this district is proper under 28 U.S.C. §1391(B).  The Defendants reside or resided in this district and the events giving rise to Plaintiff's claims occurred here.

**LM II Answer to Paragraph 2**:   Admitted.

    3.    All conditions precedent to jurisdiction have occurred or been complied with, to wit:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission, (hereinafter, "EEOC") by Plaintiff JANE DOE (hereinafter, "DOE") against Defendant FERNANDEZ FOOD SERVICES, INC., (hereinafter, "FERNANDEZ"), on May 17, 2007, No. 440-2007-05417, alleging sex discrimination, a copy of which is attached hereto as **Exhibit 1**.

    b. The EEOC issued a notice of right to sue for Charge No. 440-2007-05417 on February 8, 2008, a copy of which is attached hereto as **Exhibit 2**.

    c. A charge of employment discrimination was filed with the Illinois Dept. of Human Rights by Plaintiff JANE DOE against Defendants, LA MAGDALENA, INC., LA MAGDALENA II, INC., ADDISON RESTAURANT SERVICES, INC., and BESA MI TACO, INC., on May 31, 2007, No. 440-2007-05036, alleging sex discrimination, a copy of which is attached hereto as **Exhibit 3**.

    d. The EEOC issued a notice of right to sue for Charge No. 440-2007-05036 on February 8, 2008, a copy of which is attached hereto as **Exhibit 4**.

**LM II Answer to Paragraph 3**:   LM II denies that all conditions precedent to jurisdiction have occurred or been complied with.  LM II has insufficient knowledge to admit or deny the remaining allegations of paragraph 3 including subparagraphs a. through d. inclusive, and therefore denies the same and demands strict proof thereof.

**PARTIES**

4. DOE is a citizen of the United States and the State of Illinois and resides in Elk Grove Village, Cook County, Illinois. During all relevant times herein, DOE is a minor, under the age of eighteen years.

**LM II Answer to Paragraph 4**: LM II has insufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies the same and demands strict proof thereof.

5. DOE was a member of a protected class, female, when the unlawful employment practices occurred.

**LM II Answer to Paragraph 5:** LM II admits that DOE is a female. LM II denies that any unlawful employment practices occurred.

6. Defendant FERNANDEZ FOOD SERVICES, INC. is an Illinois corporation and is engaged in the restaurant business.

**LM II Answer to Paragraph 6**: LM II admits that FERNANDEZ FOOD SERVICES, INC. is an Illinois Corporation and denies the remaining allegations of paragraph 6.

7. FERNANDEZ FOOD SERVICES, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

**LM II Answer to Paragraph 7**: Admitted.

8. FERNANDEZ FOOD SERVICES, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b).

**LM II Answer to Paragraph 8**: Denied.

9. Defendant LA MAGDALENA, INC. is an Illinois corporation and is engaged in the restaurant business.

**LM II Answer to Paragraph 9**: Admitted.

10. LA MAGDALENA, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

**LM II Answer to Paragraph 10**: Admitted.

11. LA MAGDALENA, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b).

**LM II Answer to Paragraph 11**: LM II has insufficient knowledge to admit or deny whether or not LM II is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b). LM II denies that LA MAGDALENA, INC. was ever the employer of DOE.

12. Defendant LA MAGDALENA II, INC. is an Illinois corporation and is engaged in the restaurant business operating the restaurant commonly known as La Magdalena in Elk Grove Village Illinois.

**LM II Answer to Paragraph 12**: Admitted

13. LA MAGDALENA II, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

**LM II Answer to Paragraph 13**: Admitted.

14. LA MAGDALENA II, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b).

**LM II Answer to Paragraph 14**: Admitted.

15. Defendant LA MAGDALENA III, INC. is an Illinois corporation and is engaged in the restaurant business.

**LM II Answer to Paragraph 15**: Admitted.

16. LA MAGDALENA III, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

**LM II Answer to Paragraph 16**: Admitted.

17. LA MAGDALENA III, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b).

**LM II Answer to Paragraph 17**: LM II denies that LA MAGDALENA III, INC. was ever the employer of DOE and admits the remaining allegations of paragraph 17.

18. Defendant ADDISON RESTAURANT SERVICES, INC. ("ADDISON") is an Illinois corporation and is engaged in the restaurant business.

**LM II Answer to Paragraph 18**: Admitted.

19. ADDISON RESTAURANT SERVICES, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

**LM II Answer to Paragraph 19**: Admitted.

20. ADDISON RESTAURANT SERVICES, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b). On information and belief, ADDISON RESTAURANT SERVICES, INC. is the parent corporation of Defendants, LA MAGDALENA, INC., LA MAGDALENA II, INC., FERNANDEZ FOOD SERVICES, INC., and BESA MI TACO INC.

**LM II Answer to Paragraph 20**: LM II admits that ADDISON RESTAURANT SERVICES, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b). LA MAGDALENA II denies that ADDISON RESTAURANT SERVICES, INC. was ever the employer of DOE. LA MAGDALENA II denies all other allegations of paragraph 20.

21. Defendant BESA MI TACO, INC. is an Illinois corporation and is engaged in the restaurant business.

**LM II Answer to Paragraph 21**:   Admitted.

22. BESA MI TACO, INC. is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

**LM II Answer to Paragraph 22**:   Admitted.

23. BESA MI TACO, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b).

**LM II Answer to Paragraph 23**:   LM II has insufficient knowledge to admit whether or not BESA MI TACO, INC. is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b) and therefore denies the same and demands strict proof thereof.   LM II denies that BESA MI TACO, INC. was ever the employer of DOE.

24. Collectively, the Defendants operate Mexican restaurants and catering services in the Chicago metropolitan area under the assumed names La Hacienda, La Magdalena, Besa Mi Taco, and La Mag's Catering.

**LM II Answer to Paragraph 24**:   Denied.

## BACKGROUND FACTS

25. Plaintiff DOE was hired as a Hostess to work in Defendants' restaurant La Magdalena in Elk Grove Village in April, 2006.

**LM II Answer to Paragraph 25**:   LM II admits that it alone hired DOE as a hostess to work at LM II's restaurant in Elk Grove Village. LM II also admits that it was the only employer of DOE who was employed by LM II from on or about May 12, 2006 until she voluntarily self-

terminated on or about September 8, 2006.  A copy of LM II's W-2 form of DOE is attached as Exhibit A.  LM II denies the remaining allegations of paragraph 25.

26. At all times pertinent hereto, DOE reported to Supervisor Fernando Lopez, (LOPEZ).  LOPEZ had the authority to hire and fire employees, and interviewed and hired the Plaintiff.  LOPEZ also determined the hours of his employees, including the Plaintiff.

**LM II Answer to Paragraph 26**:  Admitted.  LM II also admits that it was the employer of FERNANDO LOPEZ during 2006.  A copy of LM II's W-2 form of LOPEZ is attached as Exhibit B.

27. Commencing shortly after the commencement of her employment, LOPEZ and other male employees of Defendants made unwelcome, unwanted and repeated, sexually suggestive comments to Plaintiff DOE as well as made sexual advances toward DOE. Plaintiff DOE complained to her Supervisor, LOPEZ, about a server's inappropriate sexually charged remarks.  However, LOPEZ ignored Plaintiff DOE's complaints.

**LM II Answer to Paragraph 27**:  Denied.

28. LOPEZ inappropriately and sexually suggestively touched and fondled Plaintiff DOE, despite DOE's repeated statements that said comments and touching were offensive and unwanted.  LOPEZ's advances toward DOE resulted in sexual relations with her outside and inside the office of the restaurant.

**LM II Answer to Paragraph 28**:  Denied.

29. As a result of LOPEZ's actions toward Plaintiff, he was charged with the criminal offense of aggravated criminal sexual assault, in the Circuit Court of Cook County, Case No. 06 CR 23323.  LOPEZ fled the country before his criminal case came up for trial.

**LM II Answer to Paragraph 29**:   LM II has insufficient knowledge to admit or deny the allegations of paragraph 29 and therefore denies the same and demands strict proof thereof.

30.    LOPEZ's conduct toward Plaintiff DOE was severe and pervasive, and was well known to Defendant's staff.  By way of example, LOPEZ inappropriately made advances and fondled other female employees of Defendants.

**LM II Answer to Paragraph 30**:   Denied.

31.    Throughout DOE's employment, LOPEZ made these offensive remarks, unwanted gestures, and advances toward DOE during the scope of his employment with Defendants.

**LM II Answer to Paragraph 31**:   Denied.

32.    DOE subsequently was constructively terminated by Defendants in August, 2006.

**LM II Answer to Paragraph 32**:   Denied.

33.    Defendant ADDISON splintered the business enterprise into multiple corporations in order to defeat the federal antidiscrimination laws.

**LM II Answer to Paragraph 33**:   Denied.

34.    The ownership of Defendants was highly integrated as were their business operations.  ADDISON either directed, condoned or ratified the subsidiary corporations' practice of integrating the labor forces between the restaurants.  By way of example, LOPEZ not only worked at Defendants' La Magdalena location in Elk Grove Village, Illinois, but also worked from time to time at La Hacienda in Addison, Illinois.  Other supervisors and servers were freely interchanged and also worked at La Hacienda in Addison, Illinois. The bartender

who regularly worked at La Magdalena in Elk Grove Village also worked from time to time at Defendant's restaurant, Besa Mi Taco in Itasca, Illinois.

**LM II Answer to Paragraph 34**:   Denied.

35.   Neither Defendant ADDISON, nor any other Defendant herein, conduct sexual harassment training for its employees while Plaintiff DOE was employed by Defendants.

**LM II Answer to Paragraph 35**:   Denied.

36.   Plaintiff DOE was never told who she could complain to about sexual harassment, and was never told that she would be protected from retaliation if she did so.

**LM II Answer to Paragraph 36**:   Denied.

## COUNT I - SEXUAL HARASSMENT

37.   Plaintiff reincorporates and realleges paragraphs 1 through 36 as though more fully set forth herein.

**LM II Answer to Paragraph 37**:   LM II reincorporates and realleges its answers to paragraphs 1 through 36 as though fully set forth herein.

38.   As a result of LOPEZ's inappropriate and unwelcome sexual behavior toward Plaintiff DOE, the Plaintiff's work environment was sexually hostile.  Defendants, and specifically Defendant ADDISON, knew or should have known of LOPEZ's history of harassment and seduction of female employees and his sexually predatory propensities.

**LM II Answer to Paragraph 38**:   Denied.

39.   Defendants had a special duty to protect Plaintiff DOE and its other employees from harassment because of the large number of female employees under the age of eighteen.

**LM II Answer to Paragraph 39**:   Denied.

40.     Defendants' failure to take any steps to stop LOPEZ's and the other staff members' behavior amounted to an endorsement, ratification, approval, and perpetuation of their employees' sexual behavior and a sexually hostile work environment.

**LM II Answer to Paragraph 40**:   Denied.

41.     By creating, condoning, and perpetuating a sexually hostile work environment, Defendants have intentionally and with reckless indifference and disregard violated Title VII of the Civil Rights Act of 1991.

**LM II Answer to Paragraph 41**:   Denied.

42.     Defendants' endorsement, ratification, approval, and perpetuation of their employees' sexual behavior, including, but not limited to, LOPEZ, has caused Plaintiff DOE to suffer severe humiliation, embarrassment, degradation, and emotional distress.

**LM II Answer to Paragraph 42**:   Denied.

43.     On November 14, 2007, the EEOC found reasonable cause that the Defendants herein discriminated against the Plaintiff and a class of female employees, in that they were subjected to sexual harassment in violation of Title VII.

**LM II Answer to Paragraph 43**:   LM II has insufficient knowledge to admit or deny the allegations of paragraph 43 and therefore denies the same and demands strict proof thereof.

44.     As a result of the intentional acts complained of herein, Plaintiff DOE has suffered and will continue to suffer the loss of employment with Defendants and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff DOE has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**LM II Answer to Paragraph 44**:   Denied.

45. Plaintiff demands a trial by jury.

**LM II Answer to Paragraph 45**: Admitted.

## LA MAGDALENA II, INC.'S AFFIRMATIVE DEFENSES

1. As a First Affirmative Defense, LM II states that DOE's allegations fail to state a cause of action upon which relief can be granted against LM II.

2. As a Second Affirmative Defense, LM II states that no adverse employment decisions were ever taken against DOE and LM II has offered to DOE an unconditional reinstatement of her employment.

3. As a Third Affirmative Defense, LM II states that LM II has a policy against sexual harassment and that DOE knew of the LM II policy. DOE failed to raise any complaints pursuant to that policy, or otherwise place LM II on notice that anyone had engaged in any act of sexual harassment. No tangible employment action was taken against DOE. LM II generally exercised reasonable care to prevent and promptly correct any sexually harassing behavior that it became aware of. DOE unreasonably failed to take advantage of the preventive and corrective opportunities provided by LM II and otherwise failed to avoid the harm as alleged. At no time did DOE ever notify anyone at LM II that she was subjected to any acts of sexual harassment.

4. As a Fourth Affirmative Defense, LM II states that DOE has failed to take reasonable steps to mitigate damages.

5. As a Fifth Affirmative Defense, LM II states on information and belief that DOE willfully, knowingly and voluntarily engaged in a consensual relationship with LOPEZ. DOE's consensual relationship was motivated, in whole or in part, by DOE's desire and intent to take advantage of her employment relationship with LM II which includes, but is not

11

limited to, her claims made herein. DOE's damages, if any, should be denied or limited by her own conduct.

6. As a Sixth Affirmative Defense, LM II states that as DOE's employer, LM II does not stand in the capacity of *in loco parentis*. LM II further asserts that DOE's parents, guardians or other adults standing in the capacity of *in loco parentis* are responsible for the harm alleged by DOE.

7. As a Seventh Affirmative Defense, LM II states that on information and belief DOE failed to exhaust administrative remedies.

8. As an Eighth Affirmative Defense, LM II states that claims brought by DOE in her Complaint against LM II exceed those brought in her EEOC charges against LM II and DOE is precluded from seeking relief based upon any claims or charges not brought before the EEOC.

9. As a Ninth Affirmative Defense, LM II states that DOE is barred from seeking recovery for any events or occurrences alleged against LM II occurring prior to 300 days of the date DOE filed a Charge of Discrimination with the EEOC.

WHEREFORE, LM II requests that DOE's Complaint be dismissed with prejudice and that LM II be awarded costs.

/s/Glenn R. Gaffney
Glenn R. Gaffney
Attorney for La Magdalena II, Inc.

**CERTIFICATE OF SERVICE**

  Justin R. Gaffney certifies that on March 28, 2008 he e-filed the above and foregoing via the Case Management/Electronic Case Filing system with the Clerk of the U.S. District Court.  The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

              /s/Justin R. Gaffney
              Justin R. Gaffney
              Attorney for La Magdalena II, Inc.

Glenn R. Gaffney  (No. 6180598)
Justin R. Gaffney   (No. 6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200