**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, a Minor, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08 C 1149 |
| ) | |
| FERNANDEZ FOOD SERVICES, INC., an ) | Judge: Elaine Bucklo |
| Illinois corporation; LA MAGDALENA, INC. an ) | |
| Illinois corporation; LA MAGDALENA II, INC. an ) | Magistrate Judge: Nan Nolan |
| Illinois corporation; LA MAGDALENA III, INC. ) | |
| an Illinois corporation; ADDISON RESTAURANT ) | |
| SERVICES, INC., an Illinois corporation d/b/a ) | |
| LA HACIENDA DE LOS HERNANDEZ; BESA ) | |
| MI TACO, INC., an Illinois Corporation, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' CONSOLIDATED FRCP 12(b)(6) MOTION TO DISMISS OR IN THE ALTERNATIVE FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON A DATE CERTAIN BY NON-EMPLOYER DEFENDANTS ON A LIMITED ISSUE**

Defendants, FERNANDEZ FOOD SERVICES, INC. (FERNANDEZ), LA MAGDALENA, INC. (LM I), LA MAGDALENA II, INC. (LM II), LA MAGDALENA III, INC. (LM III), ADDISON RESTAURANT SERVICES, INC.d/b/a LA HACIENDA DE LOS HERNANDEZ (ADDISON), and BESA MI TACO, INC. (BMTI), by their attorney, Glenn R. Gaffney, for their Consolidated Motions to Dismiss Pursuant to FRCP 12(b)(6) or in the Alternative for Leave to File a Motion for Summary Judgment on a Date Certain by Non-Employer Defendants on a Limited Issue, state:

1.  Plaintiff has filed suit against six corporate defendants. Of the six defendants, only LA MAGDALENA II, INC. (LM II) ever employed Plaintiff. The remaining five affiliated corporations are not subject to liability. *Papa v. Katy Industries, Inc.*, 166 F.3d 937, 940-43 (7th

Cir. 1999). With the possible exception of ADDISON, the Complaint alleges nothing to create affiliated liability pursuant to the *Papa* decision.

2.   Contrary to Plaintiff's allegation at paragraph 34 which purports to create liability against ADDISON, each separate affiliated corporation is independently owned and ADDISON has only one affiliated entity, LA HACIENDA DE LOS HERNANDEZ. Furthermore, Plaintiff's allegation at paragraph 33 that Defendant ADDISON splintered the business enterprise into multiple corporations in order to defeat the Federal anti-discrimination laws, is false and inaccurate. LM II, the only employer of DOE, has filed an Answer to Count I of Plaintiff's Complaint, admitting that it was the employer of DOE and LOPEZ (LM II answer at paragraphs 25 and 26) and further admitting that it is an "employer as defined under 42 U.S.C. §2000(e)(b)." (See LM II answer at paragraphs 12-14.)

3.   Although Plaintiff purports to allege nominal employer liability against ADDISON, Plaintiff has failed to allege any nominal employer liability against FERNANDEZ FOOD SERVICES, INC. (FERNANDEZ), LA MAGDALENA, INC. (LM I), LA MAGDALENA III, INC. (LM III), or BESA MI TACO, INC. (BMTI). Even assuming *arguendo* that Plaintiff's allegations against ADDISON are true, Plaintiff has alleged no basis for liability against FERNANDEZ, LM I, LM III or BMTI. Attached as group Exhibit A. are printed records publicly available from the Illinois Secretary of State. This Court can take judicial notice of the facts stated therein pursuant to FRE 201(d) without converting Defendants' 12(b)(6) Motion into a Motion for Summary Judgment. *Minch v. City of Chicago*, 486 F.3d 294, 299 (FN3)(7th Cir. 2007). Group Exhibit A. establishes that each named defendant corporation was incorporated on a separate date which range from 1978 (LM I) through 2005 (FERNANDEZ). Additionally, only Defendant ADDISON has an assumed name of LA

HACIENDA DE LOS FERNANDEZ (Exhibit A-1). The Court is also requested to take judicial notice of Defendants' statements pursuant to LR 37.2 attached as group Exhibit B. Each Defendant states that it has no corporate parent or corporate shareholder. Each corporation was formed for a separate purpose and Plaintiff's Complaint fails to allege *Papa* affiliate liability for any corporation, with the possible exception of ADDISON.

4.     Plaintiff has also filed various state law claims based upon theories of negligence, intentional infliction of emotional distress, willful and wanton misconduct, assault and battery. All Defendants move to dismiss those common law claims as being preempted by the Illinois Worker's Compensation Act 820 ILCS 305/5(a) and the Illinois Human Rights Act 775 ILCS 5/8-111(c).

5.     All Defendants other than LM II also move to dismiss Plaintiff's state law claims as they were not the employer of DOE or LOPEZ and there is no basis for common law vicarious liability for those non-employer Defendants. These non-employer Defendants had no affirmative duty to control LOPEZ and therefore are not responsible for any of his alleged tortious misconduct. *Hills v. Bridgeview Little League Ass'n.*, 195 Ill.2d 210, 235-9 745 N.E.2d 1166 (Ill. 2000). An entity is liable for the tort committed by another if the tort was in furtherance of his agency, that is, only if the tortfeasor's motive in committing the tort was to serve his master or employer. *Doe v. City of Chicago*, 360 F.3d 667, 670 (7th Cir. 2004). Plaintiff has not alleged any activity of LOPEZ which was in furtherance of the business of FERNANDEZ, LM I, LM III, ADDISON or BMTI.

6.     Additionally, all Defendants including LM II are entitled to dismissal of Plaintiff's claims that a sexual assault by LOPEZ is actionable as his sexual relations with DOE is not alleged to be actuated at least in part by a purpose to further the business of LM II. *Webb*

3

*By Harris v. Jewel Companies, Inc.*, 137 Ill.App.3d 1004, 1008 485 N.E.2d 409, 412 (1st Dist. 1985); *McPherson v. City of Waukegan*, 2003 WL 21267095 at 9 (N.D. Ill. 2003); *Dorsey v. Givens*, 209 F.Supp.2d 850, 852 (N.D. Ill. 2001).

       7.      All Defendants further move to strike Plaintiff's claims for punitive damages on Plaintiff's claim for intentional infliction of emotional distress. *Knierem v. Izzo*, 22 Ill.2d 73, 78, 174 N.E.2d 157, 165 (Ill.1961).

       8.      Defendants further assert to the extent that the alleged affiliated corporations cannot be dismissed pursuant to this Court's limited review pursuant to Rule 12 (b)(6), those Defendants seek leave to file a motion for summary judgment on an expedited basis on a limited issue of their affiliated liability pursuant to the doctrine of *Papa v. Katy Industries, Inc.*, 166 F.3d 937 (7th Cir. 1999). Enabling these affiliated corporations to resolve their potential liability on an expedited basis on this limited issue would be an efficient use of both the Court's and the parties' resources prior to addressing the underlying liability claims of Plaintiff.

       9.      Defendants' Consolidated Memorandum of Law filed in support of this motion is filed simultaneously herewith.

       WHEREFORE, Defendants seek the following relief:

       A.      An Order dismissing ADDISON, FERNANDEZ, LM I, LM III, and BMTI pursuant to FRCP 12(b)(6) on Count I as Plaintiff's Complaint fails to make any allegations supporting liability against these affiliated corporations pursuant to the *Papa* decision;

       B.      An Order dismissing Plaintiff's tort law claims against all Defendants pursuant to the exclusivity doctrine of the Illinois Workers Compensation Act;

       C.      An Order dismissing Plaintiff's tort law claims against all Defendants pursuant to the exclusivity doctrine of the Illinois Human Rights Act;

  D. An Order dismissing all of Plaintiff's tort law claim against the non-employer Defendants of ADDISON, FERNANDEZ, LM I, LM III, and BMTI as there is no basis to import derivative liability under Illinois law;

  E. An Order dismissing all Defendants from Plaintiff's tort law claims based upon allegations of alleged sexual contact with LOPEZ as such alleged deviation had no relation to the business of any Defendant;

  F. An Order dismissing Plaintiff's claims for punitive damages against all Defendants;

  G. In the alternative, an Order granting Defendants not dismissed pursuant to FRCP 12(b)(6) leave to file an Answer and Motion for Summary Judgment on an expedited basis on the limited issue of the affiliated corporate liability of all Defendants, with the exception of LM II.

         /s/Glenn R. Gaffney
         Glenn R. Gaffney, Attorney for Defendants

**CERTIFICATE OF SERVICE**

 Justin R. Gaffney certifies that on March 28, 2008 he e-filed the above and foregoing via the Case Management/Electronic Case Filing system with the Clerk of the U.S. District Court. The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

         /s/Justin R. Gaffney
         Justin R. Gaffney, Attorney for Defendants

Glenn R. Gaffney (No. 6180598)
Justin R. Gaffney (No. 6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200