**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, a Minor, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 C 1149 |
| | ) |
| FERNANDEZ FOOD SERVICES, INC., an | ) Judge:  Elaine Bucklo |
| Illinois corporation; LA MAGDALENA, INC. an | ) |
| Illinois corporation; LA MAGDALENA II, INC. an | ) Magistrate Judge:  Nan Nolan |
| Illinois corporation; LA MAGDALENA III, INC. | ) |
| an Illinois corporation; ADDISON RESTAURANT | ) |
| SERVICES, INC., an Illinois corporation d/b/a | ) |
| LA HACIENDA DE LOS HERNANDEZ; BESA | ) |
| MI TACO, INC., an Illinois Corporation, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S MEMORANDUM FILED IN SUPPORT OF**
**ITS CONSOLIDATED MOTIONS TO DISMISS PURSUANT TO**
**FRCP 12(b)(6) OR IN THE ALTERNATIVE FOR LEAVE TO FILE**
**AN EXPEDITED MOTION FOR SUMMARY ON A LIMITED ISSUE**

Defendants, FERNANDEZ FOOD SERVICES, INC. (FERNANDEZ), LA

MAGDALENA, INC. (LM I), LA MAGDALENA II, INC. (LM II), LA MAGDALENA III,

INC. (LM III), ADDISON RESTAURANT SERVICES, INC. d/b/a LA HACIENDA DE LOS

HERNANDEZ (ADDISON), BESA MI TACO, INC. (BMTI), for their Memorandum, state:

**I.   FRCP 12(b)(6) Standard**

A Motion to Dismiss tests the legal sufficiency of the Complaint and not the merits of the

suit.  *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  A plaintiff fails to state a claim

upon which relief may be granted only if  "it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief."  *Leahy v. Board of*

*Trustees of Community College Dist. No. 508*, 912 F.2d 917, 921 (7th Cir. 1990).  The Court

accepts as true all well-pleaded factual allegations and draws reasonable inferences in favor of

the plaintiff. *Prince v. Rescorp. Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991). The Court,

however, is "not obliged to ignore any facts set forth in the complaint that undermine the

plaintiff's claim or assign any weight to unsupported conclusions of law." *R.J.R. Services Inc. v.*

*Aetna Cas. and Sur. Co.*, 895 F.2d 279, 281, (7th Cir. 1989). A complaint which consists merely

of conclusionary allegations unsupported by factual assertions fails even the liberal federal

standard of notice pleading. *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir.

1995).

## II. Allegations of Plaintiff's Complaint

Plaintiff alleges that DOE, a female minor, was hired as a hostess to work in Defendants'

restaurant LA MAGDALENA in Elk Grove Village in April, 2006. (Complaint paragraphs 4, 5

and 25). DOE is alleged to report to supervisor FERNANDO LOPEZ (LOPEZ) who allegedly

made unwelcome, unwanted, and repeatedly sexually suggestive comments to her, advances,

touching and that DOE and LOPEZ engaged in sexual relations. (Complaint paragraphs 26-28).

Plaintiff alleges that Defendant ADDISON splintered a business enterprise into multiple

corporations so as to defeat Federal anti-discrimination laws and that "ADDISON either

directed, condoned or ratified the subsidiary corporations' practice of integrating the labor forces

between the restaurants." (Complaint paragraphs 33, 34). As to the other named corporate

Defendants, Plaintiff only alleges for each of them that they are an Illinois corporation engaged

in the restaurant business, qualified to and doing business in Illinois and further alleges that each

is "an employer as that term is defined under the Civil Rights Act of 1964, as Amended, 42

U.S.C. §2000(e)(b)." (Complaint paragraphs 6-23). Although Plaintiff alleges that each of the

six named corporate Defendants are "employers" as defined by Title VII (i.e., fifteen or more

employees for at least twenty weeks during 2005 and 2006) Plaintiff does not allege that DOE

was actually within the employ of any of them.  Of the six named corporations, Plaintiff points to

Defendant ADDISON as having responsibility for splintering the business enterprises into

multiple corporations so as to avoid financial liability.  No allegations are made by Plaintiff

which connect any of the other five corporate entities to LOPEZ, DOE or any of the allegations

contained within the Complaint

### III.  Application of *Papa* to Plaintiff's Complaint

In *Papa  v. Katy Industries, Inc.*, 166 F.3d 937 (7th Cir. 1999), the Seventh Circuit

rejected the "integrated enterprise" theory and determined that there are three limited situations

in which the presence of an affiliated corporation will vitiate the small-employer exemption:

where the traditional conditions for piercing the corporate veil exist; where discreet entities are

created for the express purpose of avoiding liability under the Federal anti-discrimination laws;

and where an affiliate directs the discriminatory act, practice or policy.  *Papa*, 166 F.3d at

940-43.

Plaintiff's Complaint at paragraphs 33 and 34 make allegations which purport to comply

with the second and third requirements of *Papa* for the liability of ADDISON as a nominal

employer.  However, no such allegations are made as to any of the other five corporations named

in the Complaint.  Therefore, Plaintiff's Complaint could stand only as to Defendant ADDISON

and the remaining five complainants can be dismissed, as none of them is alleged to either be the

actual former employer of DOE, or liable as a nominal employer pursuant to a *Papa* analysis.

*Atkins v. Jad Hosiery, Inc.*, No. 99 C 4055, 2000 WL 988534 (N.D. Ill. July 17, 2000).  The

Illinois Secretary of State records reflect that each named corporation was incorporated

independently and at various times.  Additionally, Defendants' LR 3.2 Statements confirm that

no Defendant corporation has a corporate parent or a corporate shareholder.  This Court can take

judicial notice of matters of public record without converting Defendants' 12(b)(6) Motion to a

Motion for Summary Judgment.  *Minch v. City of Chicago*, 486 F.3d 294, 299 (FN3)(7th Cir.

2007).  Therefore, Count I could be dismissed pursuant to FRCP 12(b)(6) for all Defendants with

the exception of ADDISON, based upon the allegations of Plaintiff's Complaint.  *Adkins*, *id*.

at *4.

## IV.  Answer of LM II

Notwithstanding Plaintiff's failure to state which of the six named corporate Defendants

actually employed DOE, LM II has filed an answer admitting that it alone employed both DOE

and LOPEZ during the relevant time frame alleged with Plaintiff's Complaint and even submits

as an exhibit their 2006 W-2 forms as an admission on that fact.  LM II has also admitted at

paragraph 14 that it is "an employer as that term is defined under the Civil Rights Act of 1964, as

Amended, 42 U.S.C. §2000(e)(b)."  These admissions by LM II establish that it and it alone is

responsible to contest liability for DOE's claims.  DOE's allegation at paragraph 33 that

ADDISON splintered business enterprises into multiple corporations to defeat Federal anti-

discrimination laws falls on its face in light of LM II's admissions that it employed DOE and

LOPEZ, and that it had the requisite number of employees to be subject to Title VII.  As a matter

of law, nobody else, not even ADDISON, can be responsible for LM II under a *Papa* analysis

when LM II as DOE's employer does not seek to avoid liability under the Federal anti-

discrimination laws.

## V.  Count I Must be Dismissed as to All Defendants
## Under a *Papa* Analysis with the Exception of LM II

None of the remaining Defendants can withstand a *Papa* analysis for nominal employer

liability.  Plaintiff makes no allegation under the first small-employer exception that traditional

conditions for piercing the corporate veil exist.  The second exemption for the creation of entities

to avoid liability under the Federal anti-discrimination laws falls on its face based upon LM II's

admission that as DOE's employer, it has the requisite number of employees and therefore must

defend DOE's Complaint.  No allegations are made by Plaintiff which remotely suggest that

FERNANDEZ, LM I, LM III or BMTI directed any discriminatory act, practice or policy.

Therefore, it is without question that those Defendants must be dismissed pursuant to

FRCP 12(b)(6).  In paragraph 34, Plaintiff asserts a vague "integrated enterprise" theory.

However, the Seventh Circuit no longer applies the "integrated enterprise" test to Title VII

claims.  *Worth v. Tyer*, 276 F.3d 249, 260 (7th Cir. 2001).  *Papa* abrogated the "single employer"

test, finding it too "vague" to be applied consistently.  *Labouve v. The Boeing Company*, 387

F.Supp.2d  845, 850 (N.D. Ill. 2005).  Therefore, even though Plaintiff makes additional

allegations regarding ADDISON which are not made against any other named Defendant, even

ADDISON is subject to 12(b)(6) dismissal.  Since none of the *Papa* exceptions apply, all non-

employer Defendants are subject to dismissal pursuant to FRCP 12(b)(6).  To the extent this

Court deems otherwise as to Defendant ADDISON or any other entity, Defendants seek leave to

file a Motion for Summary Judgment on this issue and on an expedited basis, as it can easily

establish that Plaintiff's allegations are baseless.  ADDISON is not the parent corporation of LM

II (see LM II LR 3.2 Statement) and ADDISON had no control over LOPEZ or LM II.

### VI.  Count II Negligence  - Hiring, Supervision and Retention

The Illinois Worker's Compensation Act (IWCA) contains an exclusivity provision,

barring employees from pursuing "common law claims in statutory actions against employers for

accidental injury sustained during the course of employment."  820 ILCS 305/5(a); *Contreras v.*

*Suncast Corp.*, 129 F.Supp.2d 1173, 1183 (N.D. Ill. 2001).  Plaintiff's claims are barred by the

exclusivity doctrine of the IWCA. *DeFronzo v. Conopco, Inc.*, 357 F.Supp.2d 1062, 1064 (N.D.

Ill. 2005).

Plaintiff's Count II is also barred by preemption created by the Illinois Human Rights

Act. 775 ILCS 5/8-111(c). *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 639 N.E.2d

1273, 1276 (1994); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). In paragraphs

48 and 49 of Plaintiff's Complaint, Plaintiff specifically asserts that Defendants were negligent

in preventing LOPEZ from engaging in acts of sexual harassment to Plaintiff and other female

employees. When a claim of negligence is predicated upon the prohibition against sexual

harassment, that claim is preempted by the Illinois Human Rights Act. *DeFronzo*, 357

F.Supp.2d at 1065.

As a result of the exclusivity provision of the Illinois Worker's Compensation Act and

the preemption of the Illinois Human Rights Act, all Defendants are entitled to dismissal of

Count II. In addition thereto, Plaintiff states no facts which assert nominal employer liability of

any entity based upon the Illinois doctrine of piercing the corporate veil. This constitutes a third

reason why FRCP 12(b)(6) dismissal of Count II is appropriate.

### VII.   Count III – Negligent Infliction of Emotional Distress

As set forth above, LM II was the employer of DOE and LOPEZ. Plaintiff has made no

piercing the corporate veil allegation under Illinois law against any other named Defendant or

asserted any other successor liability theory. Therefore, Count III must be dismissed for all

Defendants with the exception of LM II.

Count III must also be dismissed against all other Defendants because the claim is

preempted by the IWCA. *DeFronzo*, 357 F.Supp.2d at 1064. Additionally, Plaintiff's Count III

is inextricably linked with her claims of sexual harassment governed and preempted by the

Illinois Human Rights Act (IHRA).  *Griffin v. Sutton Ford, Inc.*, 452 F.Supp.2d 842, 845 (N.D.

Ill. 2006); *Thomas v. L'Eggs Prods., Inc.*, 13 F.Supp.2d 806, 810 (C.D. Ill. 1998).  The core of

DOE's claim is sexual harassment which causes preemption.  *Smith v. Chicago School Reform*

*Bd.*, 165 F.3d 1142, 1151 (7th Cir. 1999).  Plaintiff asserts no facts throughout her Complaint

that are not inextricably linked to sexual hostile work environment or *quid pro quo* sexual

harassment governed by the IHRA.  *See*, *Krocka*, 203 F.3d at 517; *Beard v. City of Chicago*, 299

F.Supp2d at 874-5.

### VIII.  Count IV – Intentional Infliction of Emotional Distress

Once again, all of the Defendants with the exception of LM II are entitled to dismissal

under Count IV because Plaintiff fails to allege any basis for piercing the corporate veil or

successor liability under Illinois law.  As a second basis for dismissal, the alleged conduct of

LOPEZ which even if intentional is barred by the exclusivity doctrine of the IWCA.  *Hunt-*

*Golliday v. Metro. Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir.

1997).  There is no allegation that any Defendant commanded or expressly authorized LOPEZ to

engage in such conduct and therefore Plaintiff's claim cannot escape IWCA exclusivity.

*Contreras*, 129 F.Supp.2d at 1183.  Third, all Defendants are entitled to dismissal of Count IV

based upon IHRA preemption.  *Griffin v. Sutton Ford, Inc.*, 452 F.Supp.2d at 845; *Thomas*, 13

F.Supp.2d at 810; *Smith*, 165 F.3d at 1151.  Although allegations of willfulness may well exist

against LOPEZ, the highest *mens rea* alleged of the corporate Defendants is only that of

negligence.  No corporate Defendant is alleged to have done anything willful and Plaintiff's

factless allegation at paragraph 62 suggesting otherwise, no longer withstands scrutiny under the

modern pleading standard in Federal courts.  A plaintiff must "provide the grounds of his

entitlement to relief" by at least saying enough to "raise a right to relief above the speculative

level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A complaint must do

more than leave open the possibility that the plaintiff might later plead some new claim that

would warrant relief.  *Vancrete v. Appelman*, 2008 WL 34155 (7th Cir. 2008).  Finally, all

Defendants move to strike Plaintiff's claim for punitive damages which is not authorized under

Illinois law on a claim for IIED.  *Knierim v. Izzo*, 22 Ill.2d 73, 78, 174 N.E.2d 157, 165 (1961).

Punitive damages are not available for Plaintiff's theory because the outrageous quality of

Defendants' conduct forms the basis of the action and thus rendition of compensatory damages is

sufficiently punitive.  *Eckenrode v. Life of America Ins. Co.*, 470 F.2d 1, 5 (7th Cir. 1972).

### IX.   Count V – Willful and Wanton Misconduct

In Count V, Plaintiff interposes claims of negligence (paragraphs 66, 72 and 73) with

claims which purport to allege willful and wanton misconduct.  For the same reasons as set forth

above, only DOE's actual employer, LM II, can potentially be held responsible for this and the

other common law counts.  Equally applicable is the exclusivity doctrine of the IWCA to a claim

for willful and wanton misconduct.  *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F.Supp.2d 951,

958 (N.D. Ill. 2002); *DeFronzo*, 357 F.Supp.2d at 1063-4.  Also applicable is the preemption

doctrine of the IHRA.  Plaintiff's allegations are all inextricably linked to a sexual harassment

hostile work environment claim or a *quid pro quo* sexual harassment claim which creates

preemption.  *Geise*, 639 N.E.2d at 1276; *Griffin*, 452 F.Supp.2d at 845; *Thomas*, 13 F.Supp.2d

at 810.  Although allegations of willfulness may well exist against LOPEZ, the highest *mens rea*

of the corporate Defendants is only that of negligence.  No corporate Defendant is alleged to

have done anything willful and Plaintiff's factless allegations suggesting otherwise, no longer

withstand scrutiny under the post *Bell Atlantic* pleading standard in Federal courts.  Finally,

although DOE may have an ability to claim punitive damages against LOPEZ should she ever

sue him, DOE's claim of vicarious liability does not support a claim for punitive damages

against any corporate entity. *Mattyasovsky v. West Town Bus Co.*, 61 Ill.2d 31, 36-7 (1975);

Restatement (Second) of Agency, §217c. Plaintiff does not allege any basis for vicarious

punitive damages for the acts of LOPEZ.

### X.   Count VI – Assault and Battery

In paragraph 77, Plaintiff makes a strange allegation that LOPEZ acted as an "alter ego"

of Defendant. This baseless conclusion has no support and is contradicted by paragraph 26,

which acknowledges that LOPEZ was merely a "supervisor." An "alter ego" imports

substantially more under Illinois law such as ownership, co-mingling of assets and an

interrelationship between personal and corporate activities. *MacAluso v. Jenkins*, 95 Ill.App.3d

461, 464, 420 N.E.2d 251, 255 (2d Dist. 1981).   All Defendants with the possible exception of

LM II are entitled to dismissal of Count VI because LOPEZ was only the agent of LM II.

All Defendants are also entitled to dismissal of Count VI pursuant to the exclusivity

doctrine of the Illinois Human Rights Act. 820 ILCS 305/5(a); *Hunt-Golliday*, 104 F.3d at 1016;

*Contreras*, 129 F.Supp.2d at 1183. (Employer must command or expressly authorize intentional

conduct to escape IWCA exclusivity.) Paragraphs 78 through 80 clearly allege negligence which

is IWCA preempted. *DeFronzo*, 357 F.Supp.2d at 1064-65. Count VI is also preempted by the

IHRA. 775 ILCS 5/8-111(c); *Griffin*, 452 F.Supp.2d at 845; *Thomas*, 13 F.Supp.2d at 810.

Finally, although DOE may have an ability to claim punitive damages against LOPEZ should she

ever sue him, DOE's claim of negligence does not support a claim for punitive damages against

any corporate entity based upon the *mens rea* of negligence as alleged in paragraphs 78

through 80.

**XI.   Only LM II Could Possibly Have Vicarious Liability for the Acts of Lopez**

The non-employer Defendants of FERNANDEZ, LM I, LM III, ADDISON and BMTI

had no affirmative duty to control LOPEZ and therefore cannot be responsible for his alleged

tortious misconduct.  *Hills v. Bridgeview Little League Ass'n.*, 195 Ill.2d 210, 235-9, 745 N.E.2d

1166 (2000).  An entity is liable for the tort committed by another only if the tort was committed

in furtherance of his agency or motivated to serve his master.  *Doe v. City of Chicago*, 360 F.3d

667, 670 (7th Cir. 2004).  There is no allegation that the conduct of LOPEZ was in furtherance of

the business of FERNANDEZ, LM I, LM III, ADDISON or BMTI and therefore all of those

Defendants are subject to dismissal of DOE's state law claims on that basis.

**XII.   The Conduct of LOPEZ Was Not In Furtherance
Of the Business of LM II or Any Other Defendant**

All Defendants, including LM II, are entitled to dismissal of Plaintiff's claims that

LOPEZ's actions were in furtherance of any business of any Defendant.  *Webb By Harris v.*

*Jewel Companies, Inc.*, 137 Ill.App.3d 1004, 1008, 485 N.E.2d 409, 412 (1st Dist. 1985).  Under

Illinois law, sexual misconduct is generally not within the scope of employment.  *Dorsey v.*

*Givens*, 209 F.Supp.2d 850, 852-53 (N.D. Ill. 2001).  Conduct such as criminal sexual abuse, by

its very nature, precludes a conclusion that it was committed within the scope of employment.

*Deloney v. Board of Educ. of Thornton Tp.*, 281 Ill.App.3d 775, 783-4, 666 N.E.2d 792 (1996).

In the context of *respondeat superior* liability, the term "scope of employment" excludes conduct

by an employee that is solely for the benefit of the employee, such as an act of sexual assault.

*See, Gambling v. Cornish*, 426 F.Supp. 1153 (N.D. Ill. 1977) (sexual assault by police officer

outside scope of employment which precludes vicarious liability to employer); *Randif v. High*

*Ridge YMCA*, 170 Ill.App.3d 962, 524 N.E.2d 966 (1988) (sexual assault of child by teacher is

deviation from scope of employment); *Bates v. Doria*, 150 Ill.App.3d 1025, 502 N.E.2d 454

(1986) (no vicarious liability for sexual assault).  Therefore, under Illinois law all of the

Defendants are not responsible for the alleged criminal conduct of LOPEZ.

## Conclusion

In conclusion, all of Plaintiff's claims should be dismissed pursuant to FRCP 12(b)(6) for

the multiple reasons set forth above, with the exception of Plaintiff's claim of sexual harassment

under Title VII against LM II.  To the extent that the Court determines that this Motion must be

converted to a Motion for Summary Judgment on the issue of affiliated corporate liability,

Defendants seek to file such a motion on an expedited basis to adjudicate that limited issue.

Respectfully submitted,

/s/Glenn R. Gaffney
Glenn R. Gaffney
Attorney for Defendants

## CERTIFICATE OF SERVICE

Justin R. Gaffney certifies that on March 28, 2008 he e-filed the above and foregoing via
the Case Management/Electronic Case Filing system with the Clerk of the U.S. District Court.
The parties may access this filing through the Court's electronic filing system, and notice of this
filing will be sent to the following parties by operation of the Court's electronic filing system.

/s/Justin R. Gaffney
Justin R. Gaffney
Attorney for Defendants

Glenn R. Gaffney  (No. 6180598)
Justin R. Gaffney   (No. 6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200