## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1149 |
| v. | ) | |
| | ) | Judge: Elaine Bucklo |
| FERNANDEZ FOOD SERVICES, INC., an | ) | |
| Illinois corporation, LA MAGDALENA, INC., an | ) | Magistrate Judge: Nan Nolan |
| Illinois corporation, LA MAGDALENA II, INC., | ) | |
| an Illinois corporation, LA MAGDALENA III, | ) | |
| INC., an Illinois corporation, ADDISON | ) | |
| RESTAURANT SERVICES, INC., an Illinois | ) | |
| corporation, d/b/a LA HACIENDA DE LOS | ) | |
| HERNANDEZ, BESA MI TACO, INC., an Illinois | ) | |
| Corporation. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' CONSOLIDATED
## MOTION TO DISMISS

NOW COMES the Plaintiff, Jane Doe, by and through her attorneys, The Law Offices of Eugene K. Hollander, and for her Response to Defendants' Consolidated Motion to Dismiss, states as follows:

## INTRODUCTION

Plaintiff Jane Doe, a minor, was hired to work as a Hostess in Defendants' restaurant, La Magdalena, in Elk Grove Village in April, 2006. (Complt. ¶ 4, 25). The legal entity which operates that restaurant is La Magdalena II, Inc. (Id. ¶ 12). Defendants, who operate a number of Mexican restaurants, as alleged, operate under the umbrella of Defendant Addison Restaurant Services, Inc., ("Addison").

During all relevant times herein, Plaintiff reported to her supervisor, Fernando Lopez. (Id. ¶ 26). Plaintiff alleged that Lopez had the authority to hire and fire

employees, and interviewed and hired the Plaintiff. (Id.). Shortly after Doe began her employment, Lopez made unwelcome and unwanted remarks to Plaintiff and also inappropriately touched her. (Id. ¶ 27-28). Ultimately, Lopez had sexual relations with Doe, a minor, inside and outside of the restaurant. (Id. ¶ 4, 28). Lopez was indicted with the state offense of aggravated criminal sexual assault, and subsequently fled the country. (Id. ¶ 29). Doe also alleges that Lopez had inappropriate sexual contact with other female employees and that Defendant knew or should have known of this conduct. (Id. ¶ 30, 38).

Plaintiff has alleged six (6) substantive claims against the Defendants – Title VII Sexual Harassment (Count I); Negligent Supervision, Hiring and Retention (Count II); Negligent Infliction of Emotional Distress (Count III); Intentional Infliction of Emotional Distress (Count IV); Willful and Wanton Misconduct (Count V); and Assault and Battery (Count VI). Defendants have moved to dismiss the Complaint pursuant to F.R.C.P. 12(b)(6) contending that Plaintiff's claims are either preempted by the exclusivity provision of the Illinois Worker's Compensation Act, ("IWCA"), or due to the fact that all civil rights violations are addressed by the Illinois Human Rights Act, ("IHRA"). For the reasons set forth herein, Defendant La Magdalena II, Inc.'s arguments are meritless and its Motion should be denied.

## MOTION TO DISMISS STANDARDS

It is well settled that in ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief if possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). When considering a motion to dismiss, the court accepts the

allegations of the complaint as true as well as reasonable inferences therefrom, and views these both in the light most favorable to the plaintiffs. <u>Travel All Over the World, Inc. v. Kingdom of Saudia Arabia</u>, 73 F.3d 1423, 1428 (7th Cir. 1996). A complaint need only contain enough facts to put the defendant on notice of the claim so that an answer can be filed. <u>Flannery v. Recording Indus. Assoc. of America</u>, 354 F.3d 632, 639 (7th Cir. 2004); <u>Lang v. TCF Nat'l Bank</u>, 2007 U.S. App. LEXIS 22588. A court will not dismiss a claim pursuant to Rule 12(b)(6) unless the complaint fails it provide fair notice of what the claim is and the grounds upon which it rests or it is apparent from the face of the complaint that under no plausible facts may relief be granted. <u>St. John's United Church of Christ v. City of Chicago</u>, 2007 U.S. App. LEXIS 21914. As set forth in greater detail, *infra*, Plaintiff's pleading satisfies the pleading requirements set forth under the federal rules.

## ARGUMENT

### I.  PLAINTIFF HAS MOVED TO VOLUNTARILY DISMISS ALL DEFENDANTS EXCEPT FOR LA MAGDALENA II, INC.

Plaintiff has contemporaneously moved to voluntarily dismiss all Defendants in accordance with F.R.C.P. 41 except for La Magdalena II, Inc. from this action, and makes no response to the arguments made by those Defendants other than those advanced by La Magdalena II, Inc.

### II.  THE STATE TORT LAW CLAIMS ARE NOT PREEMPTED BY THE ILLINOIS WORKER'S COMPENSATION ACT.

Defendant argues that Plaintiff's pendent state law claims are preempted by the IWCA. Defendant is wrong. In <u>Defronzo v. Conopco</u>, 357 F. Supp. 2d 1062 (N.D. Ill. 2005), the Court held that Plaintiff's tort claims were preempted by the IWCA. Plaintiff

took the position that his claims were compensable both under the IWCA as well as pursuant to a civil action. Doe does not made such an argument in this case.

While in general the IWCA prevents an employee from pursuing common law claims and statutory actions against employers for accidental injuries on the job, Illinois law is well settled that there are four exceptions to the IWCA's exclusivity provisions: (1) the injury was not accidental; (2) the injury did not arise from employment; (3) the injury did not occur in the course of employment; or (4) the injury is not of at type compensable under the IWCA. First, Doe claims that she was sexually assaulted. These injuries and the negligence claims which support them are claims are not typically cognizable under the IWCA. Meerbrey v. Marshall Field, 139 Ill. 2d 455, 564 N.E.2d 1222 (1990). Thus, Counts II and III, the negligence claims are not preempted.

Additionally, Plaintiff has pled several intentional torts – intentional infliction of emotional distress, willful and wanton conduct, and assault and battery. Where Plaintiff's injury is not accidental, the claims are not preempted. *See* 820 ILCS 505(a); Cutchin v. Wal-Mart Stores, 1996 U.S. App. LEXIS 6314; Defronzo at 1064; Mazeika v. Architectural Speciality Prods., 2005 U.S. Dist. LEXIS 15531. Illinois courts have held that "an injury which was intentionally inflicted upon an employee by another employee is considered 'accidental' for purposes of the Act if it was 'unexpected and unforeseeable from the injured employee's point of view.'" Richardson v. County of Cook, 250 Ill. App. 3d 544, 548, 621 N.E.2d at 117 (1st Dist. 1993). The exclusivity provisions do not apply, however, if the injuries were intentionally inflicted by the employer or by its alter ego or if the injurious actions were commanded or expressly authorized by the employer.

Id.; Meerbrey v. Marshall Field and Co., 139 Ill. 2d 455, 465-66, 564 N.E.2d 1222, 151 Ill. Dec. 560 (1990).

Here, Plaintiff alleges intentional conduct by her employer.  She alleged that the tortious acts were committed not by a mere co-worker, but her Supervisor, and a member of management who was the alter ego of Defendant.  (Complt. ¶ 77).  If the employee is found to be the alter ego of the employer, **any** injuries resulting from that tortious act would not be considered accidental, and therefore, a common law cause of action seeking compensation for those injuries would not be barred by the IWCA.  Reynolds v. Hitachi Seiki U.S.A., Inc., 1993 U.S. Dist. LEXIS 13517.  Since Plaintiff has alleged that Lopez was her Supervisor, the alter ego of Defendant, had authority to hire and fire, and actually hired the Plaintiff, this person could reasonably be found to be the alter ego of the Defendant.  Id.  Further, as the Reynolds Court stated:

> Reynolds has also alleged that Machida's intentional conduct was recurrent and took place over a significant period of time, thereby establishing a course of conduct rather than a single incident.  **These facts, "when coupled with the other circumstances of the case, may well support the inference that [Hitachi] (itself or through its alter ego committed the tort."  Similarly, the IWCA exclusivity provisions will not bar a common law action if it can be determined that the employer was reasonably aware of the co-employee's conduct, yet failed to put a stop to that conduct.**

Id. at 8-9.  (emphasis supplied) Doe similarly alleged that Defendant had actual or constructive knowledge of Lopez's activities since he engaged in similar activities with other female employees.  (Complt. ¶ 30, 38).

Similarly, in Cline v. General Electric Capital Auto Lease, Inc., 757 F. Supp. 923, 931 (N.D. Ill. 1991), the Court held that the employer had "authorized" a battery upon the plaintiff by "failing to prevent assaults [the employer] was reasonably aware [the

supervisor] was committing." Thus, since this Court cannot determine that Doe could prove no set of facts showing that Lopez had decisional and policy making authority to be the alter ego of Defendant, this Court must deny the Motion with respect to Counts III – VI. Id. at 8; *accord*, Pommier v. James L. Edelstein Enters., 816 F. Supp. 476 (N.D. Ill. 1993).[1] At a minimum, however, Plaintiff should be able to take discovery as to Lopez's duties, his prior sexual contact with other female employees, and Defendant's knowledge of Lopez's behavior. Defendant may properly raise the issue at the summary judgment stage, however, the Court should not dismiss these claims at this early and very premature stage of the litigation. Accordingly, Counts IV, V, and VI should not be dismissed.

Defendant primarily relied upon the case of Contreras v. Suncast Corp., 357 F. Supp. 2d 1062 (N.D. Ill. 2005). The case is clearly distinguishable. While the Court dismissed plaintiff's negligent supervision claim, it involved a physical attack by a co-worker, not Plaintiff's direct supervisor. Further, the Court held that the plaintiff in that case was unable as a matter of law to show that the tortfeasor was the defendant's alter ego. Here, however, Plaintiff specifically alleged that her Supervisor, had authority to hire and fire, and engaged in prior inappropriate sexual behavior, which Defendant knew or should have known about.

### III.    PLAINTIFF'S PENDENT STATE LAW CLAIMS ARE NOT PREEMPTED BY THE ILLINOIS HUMAN RIGHTS ACT.

The Defendant then argues that Plaintiff's allegations of her state law claims of negligent hiring, supervision and retention, and negligent infliction of emotional distress,

---

[1] Many courts in the Northern District of Illinois have rejected the exclusivity bar for intentional infliction of emotional distress. Brown v. Conlon-Collins Ford, Inc., 1991 U.S. Dist. LEXIS 20510; Class v. New Jersey Life Ins. Co., 746 F. Supp. 776 (N.D. Ill. 1990) (fact question created on Motion for Summary Judgment); Basile v. Flores, 1988 U.S. Dist. LEXIS 10636.

intentional infliction of emotional distress, willful and wanton misconduct, and assault and battery are inextricably inked to her allegations of sexual harassment as the state law claims are predicated on the same factual allegations as the sexual harassment claims. Defendant's argument that these claims are preempted by the IHRA should be denied. As a threshold matter, Defendant merely claims with no more than a cursory analysis of the allegations that the tort claims are inextricably intertwined with the Title VII claim. Since Defendant failed to comply with F.R.C.P. 12(b)(6), its arguments must be summarily denied.

A.    **Preemption Analysis.**

The Seventh Circuit recently held in Naeem v. McKesson Drug Co., that the district court correctly ruled when it determined that the plaintiff's claim for intentional infliction of emotional distress was not preempted because Naeem could establish her tort claim independent of, or merely incidental to, the sexual harassment claims.  444 F.3d 593 (7th Cir. 2006).  The Naeem court also, however, agreed that the IHRA does not preclude courts from exercising jurisdiction over all tort claims factually related to incidents of sexual harassment.  Naeem, 444 F.3d at 602, *citing* Maksimovic v. Tsogalis, 177 Ill.2d 511, 687 N.E.2d 21, 23 (Ill. 1997).  The distinction between claims that are preempted and claims that are not preempted depends on the legal duty that the defendant allegedly breached; "that is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish the legal duty that the defendant was alleged to have breached,' the IHRA does not preempt a state law claim seeking recovery for it."  Naeem, 444 F.3d at 604, *quoting* Krocka v. City of Chicago, 203 F.3d 507, 516-17 (7th Cir. 200) (*citing* Maksimovic, 687 N.E.2d at 23).  In

the instant case, Plaintiff has properly alleged the elements of the state law torts which are independent of the IHRA.

**B.    Plaintiff's Intentional Infliction of Emotional Distress Claim Is Not Preempted.**

The District Courts of the Northern District of Illinois have generally found that claims for intentional infliction of emotional distress were not preempted by IHRA where there is an underlying sexual harassment claim.    Spahn et al. v. Int'l Quality & Productivity Center, 211 F.Supp.2d 1072, 1075, 2002 U.S. Dist LEXIS 12910 (2002), *citing* Adan v. Solo Cup, Inc., 2001 U.S. Dist. LEXIS 12726 at *3-10 (N.D. Ill. 2001) (unwelcome and repeated sexual advances, comments, and propositions for sexual behavior supported an intentional infliction of emotional distress claim independent of any legal duties created by the IHRA), *citing* Figueroa v. City of Chicago, 200 U.S. Dist. LEXIS 3141 at *37 (N.D. Ill. 2000) (IIED claim for unwanted sexual advances, comments, and threats was not preempted by the IHRA), *citing* Rapier v. Ford Motor Co., 49 F.Supp.2d 1078, 1080 (N.D. Ill. 1999) (unwanted touching by an employer was a common law tort independent of civil rights laws).

In the case of Spahn, the court had facts that are similar to the case at bar.  In Spahn, three former employees contended that their director subjected them to offensive sexual comments, unwelcome sexual advances, and unwanted touching.  Spahn et al., 211 F.Supp.2d at 1073-74.  The defendants in Spahn filed a motion to dismiss plaintiffs' intentional infliction of emotional distress claims by reason of preemption and lack of subject matter jurisdiction under IHRA, and, alternatively, for failure to state a claim.  In the present matter, the Defendants failed to recognize in their Motion to Dismiss Counts III-VI, that Title VII imposes legal duties *independent* of IHRA.  Spahn et al., 211

F.Supp.2d at 1075. (emphasis added). Intentional infliction of emotional distress is a "long recognized" tort action that exists independently of a cause of action under the IHRA. Roberts v. County of Cook, et al., 213 F.Supp.2d 882, 887, 2002 U.S. Dist. LEXIS 14358 at *3 (N.D. Ill. 2002), *quoting* Maksimovic, 177 Ill.2d 511, 687 N.E.2d at 23.

This Court must further question whether Plaintiff can "establish the necessary elements of the tort independent of any legal duties created by the Act." Maksimovic, 177 Ill.2d 511, 687 N.E.2d at 23. If a court must analyze whether an IHRA claim is inextricably linked to a Title VII claim, than a mere factual overlap will not necessarily be decisive. Arnold, 215 F.Supp.2d at 955.

In her intentional infliction of emotional distress/willful and wanton misconduct claims, Plaintiff alleged additional specific facts to support that claim: that Lopez withheld Plaintiff's paychecks from her until such time that she submitted to Lopez's sexual demands, locked Plaintiff in the office until she submitted to Lopez's sexual demands, made Plaintiff work late when she rebuffed him, physically grabbed the Plaintiff when she refused to discuss her personal life with him, and yelled at the Plaintiff when she refused to engage in sex with him. (Complt. ¶ 61).

The duty not to intentionally and knowingly inflict severe emotional distress derives from common law, not statutory law. A finding that extreme and offensive conduct might also constitute sexual harassment under state or federal civil rights laws does not affect the viability of a tort claim for intentional infliction of emotional distress. Arnold v. Janssen Pharmaceutica, Inc., 215 F.Supp.2d 951, 955 (N.D. Ill. 2002), *citing to* Jackson v. Local 705 Int'l Bhd of Teamsters, 2002 U.S. Dist LEXIS 4908 at *47 (N.D.

Ill. Mar. 22, 2002).[2]  Accordingly, this Court must deny the Motion to Dismiss with respect to Counts IV and V of the Complaint.

### C.    **Plaintiff's Negligent, Hiring, Supervision and Retention Claim Is Not Preempted.**

Concerning negligent hiring, supervision, and retention, Plaintiff alleged that Lopez made inappropriate advances toward other female employees, including the Plaintiff, and that it was well known to Defendant's staff.  (Complt. ¶ 28, 30).  For instance, Plaintiff alleged that Defendant had sexual relations with the Plaintiff, among other places within Defendant's restaurant.  (Complt. ¶ 28).  Plaintiff then alleges that Defendant knew or should have known about Lopez's history of harassment.  (Complt. ¶ 38).  Thus, regarding the negligent hiring, supervision and retention, Plaintiff has pled facts which independently support the duty to safeguard the Plaintiff from harmful conduct, as well as the duty allegation (¶ 47), and thus, these allegations are sufficient to deny an argument based upon preemption.  Jaslowski v. Cellco Partnership, 2002 U.S. Dist. LEXIS 17469; Santos v. Boeing Co., 2004 U.S. Dist. LEXIS 8337.  Thus, this Court should deny the Motion to Dismiss with respect to Count II.

### D.    **The Negligent Infliction of Emotional Distress Claim Is Not Preempted.**

Regarding the negligent infliction of emotional distress, Plaintiff relies upon the similar factual allegations and analysis as above.  The Court need not even make a determination that this tort is inextricably linked to the Title VII claim.  Defendant can be

---

[2] As this Court stated in Jimenez v. Thompson Steel Co., 264 F. Supp. 2d 693 , "the duty not to intentionally inflict emotional distress and an employer's duty to prevent intentional infliction of emotional distress by its employees derive from common law, not statutory law. Id. at 955-56. That conduct in violation of these duties may also constitute harassment under federal or state civil rights law does not affect the viability of the tort claims alleging such conduct. Id. Here, if the action of the foreman in harassing Mr. Jimenez was extreme and outrageous and constituted intentional infliction of emotional distress, it would be irrelevant whether the motive for this harassment (or the motive behind Thompson's failure to prevent it) were based on Mr. Jimenez's national origin."

held liable for negligent infliction of emotional distress if it negligently failed to prevent the intentional infliction of emotional distress by a foreman, for example. <u>Jimenez v. Thompson Steel Co.</u>, 264 F. Supp. 2d 693 (N.D. Ill. 2003), *citing* <u>Arnold v. Pharmaceutica, Inc.</u>, 215 F. Supp. 2d 951, 956 (N.D. Ill. 2002). Accordingly, this Court should deny the Motion to Dismiss with respect to Count III of the Complaint.

### E.    Plaintiff's Assault and Battery/Willful and Wanton Claims Are Not Preempted.

In this case Doe includes allegations that Lopez engaged in sexual relations with Plaintiff inside and outside of the restaurant. (Complt. ¶ 28). Such allegations are sufficient to establish the type of physical contact of an insulting nature that constitutes battery and rises far above the sexual advances that "interfere with an individual's work performance" that are within the scope of the duties created under the IHRA. 775 ILCS 5/2-101(E). Thus, Doe's battery claim is not preempted by the IHRA. <u>Jaslowski v. Cellco Partnership</u>, 2002 U.S. Dist. LEXIS 17469.[3]

Defendants rely upon the cases of <u>Krocka v. City of Chicago</u>, 203 F.3d 507 (7th Cir. 2000), <u>Defronzo v. Conopco, Inc.</u>, 357 F. Supp. 2d 1062, 1064 (N.D. Ill. 2005), and <u>Griffin v. Sutton Ford, Inc</u>. 452 F. Supp. 2d 842 (N.D. Ill. 2006).

---

[3] Many courts in the Northern District of Illinois have refused to find that assault and battery claims are preempted. *See* <u>Farfaras v. Citizens Bank & Trust Co. of Chicago</u>, 2002 U.S. Dist. LEXIS 8705 (N.D. Ill. 2002), *aff'd on other grounds* 433 F.3d 558 (holding that battery claim was not preempted where plaintiff was improperly fondled); <u>Thomas v. Habitat Co.</u>, 213 F. Supp. 2d 887, (N.D. Ill. 2002) (holding that battery claim was not preempted where employee grabbed plaintiff's arms and put his legs around her so that she could not get up from a chair and told her he loved her); <u>Hardison v. Galaxy Recovery Systems, Inc.</u>, 2000 U.S. Dist. LEXIS 18154 (N.D. Ill. 2000) (holding that battery claim was not preempted where employee blocked door so that plaintiff could not leave office and grabbed and kissed plaintiff and ran his hand up her skirt); <u>Fondrliak v. Commonwealth Edison</u>, 1999 U.S. Dist. LEXIS 1000, (N.D. Ill. 1999) (holding that battery claim was not preempted where co-worker restrained plaintiff against her will and kissed her); <u>Robinson v. Oatman, Inc.</u>, 1999 WL 1102694, *1-*13 (N.D. Ill. 1999) (holding that battery claim was not preempted where supervisor repeatedly grabbed testicles of plaintiff); <u>Johnson v. St. Bernard Hospital</u>, 1999 U.S. Dist. LEXIS 14301, (N.D. Ill. 1999) (holding that battery claim was not preempted where defendant touched plaintiff on her shoulders and caressed her palms and buttocks).

F.     **Defendant's Authorities Are Inapposite To The Instant Case.**

Krocka, and subsequent authorities, however, have held that where a course of conduct states an independent state law claim, that independent claim is not preempted by the IHRA. That is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not "furnish the legal duty that the defendant was alleged to have breached," the IHRA does not preempt a state law claim seeking recovery for it. Krocka at 516. Plaintiff's claims clearly state independent tort actions, and for the reasons set forth, *supra*, Defendant's Motion to Dismiss must be denied.

## IV.    PLAINTIFF MAY RECOVER PUNITIVE DAMAGES FOR WILLFUL AND WANTON MISCONDUCT AND ASSAULT AND BATTERY.

Defendant devotes one line for each of these claims in its brief that Plaintiff cannot recover punitive damages under Count V and VI. Def. Br. p. 8, 9. Defendant's argument makes no sense as these counts allege an intentional tort. Accordingly, the argument must be rejected.

## V.    WHETHER LOPEZ'S ACTIONS WERE IN THE SCOPE OF HIS EMPLOYMENT PRESENT A FACTUAL QUESTION.

Defendant next argues that Lopez's actions of sexual abuse preclude a finding that he acted within the scope of his employment, and thus, his employer cannot be held liable. Here, Plaintiff alleges that Lopez was an agent and employee of Defendant and acted within that scope and agency of that employment. Under this theory of *respondeat superior*, the employer can be held liable for the tortious acts of its employee. The analysis of the scope of the employee's employment and his agency, however, present factual issues which are inappropriate for a resolution on a Motion to Dismiss, let alone, a

12

Motion for Summary Judgment.  <u>Quade v. Kaplan</u>, 2008 U.S. Dist. LEXIS 32467;

<u>Lombardi v. Range</u>, 2003 U.S. Dist. LEXIS 12812 at *15 (N.D. Ill. July 25, 2005).

<u>**CONCLUSION**</u>

In sum, Plaintiff has demonstrated that her state law causes of action are not

preempted under the Illinois Worker's Compensation Act and the Illinois Human Rights

Act.

**WHEREFORE**, Plaintiff Jane Doe respectfully prays that this Honorable Court

enter an Order denying the portions of Defendant La Magdalena II, Inc.'s Motion to

Dismiss in their entirety.


Respectfully Submitted,
JANE DOE


/s/ Eugene K. Hollander
One of Her Attorneys


Eugene K. Hollander (EHollander@ekhlaw.com)
Paul W. Ryan (PRyan@ekhlaw.com)
**The Law Offices of Eugene K. Hollander**
33 North Dearborn
Suite 2300
Chicago, IL 60602
(312) 425-9100