UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, a Minor, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 1149 |
| v. ) | |
| ) | Judge Elaine Bucklo |
| LA MAGDALENA II, INC., an Illinois ) | |
| an Illinois Corporation, ) | Magistrate Judge Nan Nolan |
| ) | |
| Defendant. ) | |

**REPLY OF LA MAGDALENA II, INC. TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS**

Now comes Defendant, LA MAGDALENA II, INC. (LM II), by its attorney, Glenn R. Gaffney, and for its Reply to Plaintiff's Response to Defendants' Consolidated Motion to Dismiss, states:

### I.  Illinois Worker's Compensation Act Preemption

Plaintiff asserts that this Court's decision in *DeFronzo v. Conopco*, 357 F.Supp.2d 1062 (N.D.Ill. 2005) is inapplicable because *DeFronzo* had an IWCA claim in addition to his common law tort claims. In that case, this Court merely stated "while he concedes that any physical injury to his genitals would be covered by the IWCA, Mr. DeFronzo argues that the injury for which he seeks redress in Counts VII and VIII is the offensiveness of Ms. Martinez's conduct, not any physical injury." This Court did not dismiss DeFronzo's claims on the basis of such concession. Rather, DeFronzo's pleading did not establish any of the four exceptions to the IWCA's exclusivity provision that:

1. The injury was not accidental;

2. The injury did not arise from employment;

3. The injury did not occur in the course of employment;

4. The injury is not of a type compensable under the IWCA.

1

*DeFronzo*, 357 F.Supp.2d at 11064-5; *Meerbrey v. Marshall Field*, 139 Ill.2d 455, 463, 564 N.E.2d 1222, 1226 (1990).

Doe's alleged injury was "accidental" pursuant to the IWCA. The IWCA's exclusivity provisions prohibit employees from bringing common law actions against their employers based solely upon a *respondeat superior* doctrine. *Meerbrey*, 139 Ill.2d at 465. Under Illinois law, an injury that was intentionally inflicted by one employee, or even a supervisor, upon another employee is considered "accidental" if it was unexpected and unforeseen by the injured party, unless the employer expressly authorized the co-employee to commit the tort. *Hunt-Golliday v. Metropolitan Water Reclamation District of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir. 1997). DOE must plead that LM II or its alter ego committed the act, or commanded or expressly authorized the act. *Merebrey*, 139 Ill.2d at 464; *Hunt-Golliday*, 104 F.3d at 1017. The fact that a supervisor acted out at work does not equate to express authorization by the employer for the commission of an intentional tort. *Merebrey*, 139 Ill.2d at 465; *Hunt-Golliday*, 104 F.3d at 1017.

DOE's Complaint does not allege anything other than *respondeat superior* liability with the exception of paragraph 77, wherein DOE alleges for the first time that when LOPEZ was committing assault and battery against Plaintiff, he "was acting as an alter ego of Defendants." Prior to that baseless conclusion of law, DOE alleged at paragraph 26 that she "reported to supervisor Fernando Lopez" who had authority to hire and fire employees and "determine the hours of his employees." In paragraph 27, DOE claims that she complained to supervisor LOPEZ but does not allege that she complained to any officers or management of LM II. In paragraph 30, DOE alleges that LOPEZ made advances and fondled other female employees but does not allege that LM II was aware of LOPEZ's conduct. DOE asserts that LOPEZ made

offensive remarks, gestures and advances toward DOE "during the scope of employment with Defendants" and further alleges at paragraph 32 that DOE subsequently was "constructively terminated" in August, 2006.  Again, nothing in DOE's Complaint alleges that anyone other than LOPEZ himself was aware of these incidents.  In paragraph 38 DOE alleges that Defendant ADDISON "knew or should have known" of LOPEZ's conduct but no similar allegation is made against LM II.  ADDISON has now been voluntarily dismissed as a party defendant.

In Count II (Negligence) DOE incorporates paragraphs 1 through 45 but does not incorporate the conclusionary "alter ego" allegation from paragraph 77.  Nothing in DOE's Complaint asserts that any member of management at LM II was aware of these allegations now made against supervisor LOPEZ.  As a matter of law, LM II's alleged *mens rea* of negligence is not an allegation that  LM II "commanded or expressly authorized" LOPEZ to sexually harass or have sex with DOE.  Similarly, in Count III, DOE incorporates the prior negligence allegations and asserts that she suffered emotional distress.  The only direct allegation against LM II is at paragraphs 12 through 14 wherein DOE alleges that LM II is an Illinois corporation engaged in the restaurant business and operating the La Magdalena restaurant in Elk Grove Village, qualified and doing business in Illinois and an employer as defined by 42 U.S.C. §2000(e)(b).  No allegation is made that LM II commanded or expressly authorized LOPEZ's acts.

Count IV of IIED alleges that LOPEZ committed intentional acts, but does not allege that LM II was aware of these acts, let alone commanded or expressly authorized them.  Nothing in DOE's Complaint or even her EEOC charge asserts that she placed LM II on notice of the conduct alleged against LOPEZ at paragraph 61.  DOE does not claim that LM II retaliated against her or that LM II took employment action against her.  DOE's charge of discrimination,

3

which is incorporated into DOE's common law counts, merely asserts that LOPEZ alone subjected her to a "sexually hostile work environment by having sexual relations with her in and outside of the restaurant." The sexual encounters are alleged in DOE's charge to be unwelcome and unwanted "to JANE DOE as she could not legally consent to them." DOE's verified charge of discrimination incorporated into her common law count, constitutes a binding judicial admission that the essence of her claim is that as a minor, she engaged in a sexual relationship with supervisor LOPEZ and had no capacity to legally consent. Conspicuously absent from DOE's verified charge of discrimination, as well as her Complaint, is any allegation that she told any member of LM II's management about the conduct of LOPEZ.

In Count V, DOE asserts that Defendants "knew or should have known" which imports the *mens rea* of negligence. DOE then makes other conclusionary assertions which purport to rise to the level of willful and wanton misconduct. "Willful and wanton" claims have been treated as negligence claims for the purposes of IWCA analysis. *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F.Supp.2d 951, 958 (N.D.Ill. 2002).

A plaintiff's obligation to provide the "grounds" of her entitlement to relief requires more than mere labels and conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). DOE's allegations regarding notice to LM II is missing. DOE's attempt to import tort liability to LM II does not provide sufficient notice in violation of Rule 8. *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Although Rule 8 does not require unnecessary detail, neither does it promote vagueness or reward deliberate obfuscation. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 780 (7th Cir. 2007). In that case, the Seventh Circuit held that a plaintiff alleging illegal retaliation must provide some specific description of that conduct

4

beyond the mere fact that it is protected. *Concentra Health Services, Inc.*, 496 F.3d at 781; citing, *Kyle v. Morton High School*, 144 F.3d 448, 454 (7th Cir. 1998). As in *Concentra Health Services, Inc.* and in *Kyle*, the allegations of DOE's Complaint fail to set forth any notice to LM II. DOE uses the term "constructive knowledge" within her pleading which could engage a negligence standard but is insufficient to state a cause of action for any intentional tort or avoid the IWCA exclusivity doctrine which requires even more. DOE must plead enough facts to demonstrate a plausible claim. *Bell Atlantic*, 127 S.Ct. at 1959. An employer cannot be considered to have knowledge of sexual misconduct unless the employee makes an effort to inform the employer that a problem exists. *McPherson v. City of Waukegan*, 379 F.3d 430, 441 (7th Cir. 2004); citing, *Silk v. City of Chicago*, 194 F.3d 788, 807 (7th Cir. 1999).

In Count VI (assault and battery) DOE for the first time alleges that LOPEZ was "an alter ego of Defendants." The term "Defendants" in DOE's Complaint includes but is not limited to LM II. This is a bare conclusion of law without any support and further contradicts all other allegations contained in DOE's Complaint and in DOE's EEOC charge. As per the modern Federal pleading standard as set forth above, DOE's baseless allegation which contradicts other admissions is insufficient. See, *Bon-Ton v. Dowds*, 2007 WL 2772515 (C.D.Ill.2007) (The alter ego doctrine fastens liability on an individual that uses a corporation merely as an instrument to conduct his own business and a "night manager" does not qualify.). Additionally, DOE alleges that "Defendant" (without stating which one) was either aware or should have been aware of the assault and battery being committed against DOE by LOPEZ. This is a mere negligence standard against LM II and paragraph 79 confirms that DOE is alleging that LM II was merely negligent. Negligence does not mean that LOPEZ, as DOE's supervisor, had authorization by LM II for his conduct. *Meerbrey*, 139 Ill.2d at 465; *Hunt-Golliday*, 104 F.3d at 1016.

Case law relied upon by DOE including *Cline v. General Elec. Capital Auto Lease*, 757 F.Supp. (N.D.Ill. 1991) are inappropriate. In the *Cline* case, internal memos of the employer demonstrated that the employer was not only aware of the supervisor's mistreatment of his employees but that the employer tolerated it because the supervisor's department performed so well. *Cline*, 757 F.Supp. at 931.

## II. *Meerbrey* Exceptions Two, Three and Four

DOE does not allege that *Meerbrey* exceptions two or three are applicable to her claim, which is understandable in light of DOE's repeated allegations that LOPEZ's conduct arose out of his and DOE's employment relationship. DOE does assert without authority that her claims for a sexual assault and IIED are not the type of claims "typically cognizable" under the IWCA. However, assault and battery are clearly IWCA compensable. An injury is compensable under the IWCA "if it was sustained during the course of employment and arose from that employment." *Richardson v. County of Cook*, 250 Ill.App.3d 544, 548, 621 N.E.2d 114, 117 (1st Dist. 1993); *Treiber v. Rompala*, 2002 WL 1467673 (N.D.Ill. 2002) (Plaintiff's battery claim preempted by IWCA.) DOE's IIED claim is also preempted unless DOE can establish one of the *Meerbrey* exceptions. *Hunt-Golliday*, 104 F.3d at 1016-17. DOE's injury was "accidental" from the viewpoint of both LM II and DOE. DOE's injury arose out of her employment and is alleged to be received during the course of her employment.

## III. IHRA Preemption

DOE relies *Naeem v. McKesson Drug Co.*, 444 F.3d 593 (7th Cir. 2006) for the proposition that IHRA preemption is inapplicable. In *Naeem*, the Seventh Circuit confirmed that the distinction between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached; "that is, if the conduct would be actionable

6

even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it." Citing, *Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000) which relied upon *Maksimovic*, 687 N.E.2d at 23; *Naeem*, 444 F.3d at 604. As the *Naeem* Court pointed out, the Seventh Circuit has held preemption for IIED claims when the core of plaintiff's theory was racial harassment (*Smith v. Chicago School Reform Board*, 165 F.3d 1142, 1151 (7th Cir. 1999) and sexual harassment as plaintiff's claim was centered upon the conduct of her supervisor who propositioned her, grabbed her breasts and forcibly kissed her. (*Quantock v. Shared Mktg. Servs. et al.*, 312 F.3d 899, 902, 905 (7th Cir. 2002); *Naeem*, 444 F.3d at 604. Similarly, in *Krocka v. City of Chicago*, 203 F.3d 507 (7th Cir. 2000) the Seventh Circuit upheld the District Court's 12(b)(6) dismissal of plaintiff's IIED claim because the alleged harassing statements were inextricably linked to plaintifff's disability discrimination claim. Applying that same analysis to DOE's IIED claim, dismissal is warranted because at paragraph 61 DOE claims that LOPEZ:

    i.  withheld DOE's paychecks until she submitted to his sexual demands – a classic *quid pro quo* allegation;

    ii.  falsely imprisoned her until she submitted to his sexual demands – a sexual harassment hostile work environment allegation;

    iii.  made DOE stay after work after she refused sexual advances – another *quid pro quo* assertion;

    iv.  physically grabbed and shook DOE when DOE refused to discuss her personal life with LOPEZ – inextricably linked to DOE's hostile work environment claim;

      v.  yelled at DOE about job deficiencies after she refused to engage in sexual contact with him – another *quid pro quo* claim or assertion.

All of these statements find their legal duty in the unlawfulness of sexual harassment as defined by the IHRA.  The acts of LOPEZ alleged by DOE include "unwelcome sexual advances," "requests for sexual favors" and "conduct of a sexual nature" all defined as unlawful under the Act.  775 ILCS 5/2-101(E).

DOE's Count V (claiming willful and wanton misconduct) further incorporates those same allegations which are all inextricably linked to DOE's sexual harassment claim.  DOE makes no additional allegations against LOPEZ or LM II which are unrelated to either *quid pro quo* or hostile work environment sexual harassment.  Similarly, in Count VI (assault and battery), DOE incorporates paragraph 61 and asserts being touched in an "offensive manner."  It is not alleged that LOPEZ punched, kicked or physically attacked DOE.  What is alleged is that LOPEZ engaged in sexual encounters (Exhibit 1-EEOC charge); inappropriately and sexually suggestively touched and fondled DOE (paragraph 28); was charged with criminal sexual assault (paragraph 29); made DOE submit to his sexual demands (paragraph 61, i, ii); grabbed/shook DOE when she refused to discuss her personal life (paragraph 61, iv).  All of these alleged assaults and battery are inextricably linked to an IHRA sexual harassment claim.  775 ILCS 5/2-101(E).

Plaintiff's negligence claims (Counts II and III) are like those deemed "inextricably linked" to civil rights violations as first determined by the Illinois Supreme Court in the case of *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 639 N.E.2d 1273, 1276-78 (Ill. 1994).  Counts II and III make no allegation against LOPEZ or LM II, aside from what is alleged to be LOPEZ's propensity to engage in acts of sexual harassment.  Although DOE makes a general

allegation at paragraphs 52 and 56 that Defendant's duty to not be negligent is independent of IHRA duties, that bare conclusion is without any representation that LOPEZ was a risk to DOE or anyone else except for matters inextricably linked to sexual harassment. Cases relied upon by DOE are inappropriate, as in each of them there was a separate and distinct duty alleged to have been breached independent of an IHRA claim. DOE's allegations are like that in *Westphal v. City of Chicago*, 8 F.Supp.2d 809, 812 (N.D.Ill. 1998) from the standpoint that DOE does not claim any acts unrelated to her underlying allegations of sexual harassment. For example, DOE does not allege that LOPEZ engaged in other acts of harassment because he did not like her, DOE merely alleges that LOPEZ wanted sex and that LM II was negligent because LM II did not find out about LOPEZ or do anything about his alleged propensity to act out sexually in the workplace.

### IV.  LM II Is Not Vicariously Liable Under the Doctrine Of *Respondeat Superior* for the Conduct of Lopez

DOE asserts that generally speaking the issue of scope of employment and agency require determinations of fact. However, LM II's motion cites numerous authority for the proposition that certain acts (i.e., sexual assault) are by their very nature and as a matter of law, solely for the benefit of the employee such that LM II can have no *respondeat superior* liability. While some acts within the scope of employment, although consciously criminal, may invoke vicarious liability (RESTATEMENT: (second) AGENCY, section 231), acts of sexual assault is not one of them. *Deloney v. Board of Education of Thornton Tp.*, 281 Ill.App.3d 775, 783-4, 666 N.E.2d 792 (1996). In *Randi F. v. High Ridge YMCA*, 170 Ill.App.3d 962, 524 N.E.2d 966 (1st Dist. 1988), the Appellate Court affirmed the Circuit Court's dismissal of a pleading because the assault and sexual molestation of a child by a teacher's aid at a daycare center was as a matter of law a deviation from the scope of employment having no relation to the business of a daycare

center or the furtherance thereof.  The Illinois Appellate Court held that although the issue of scope of employment is normally a question of fact for the jury, that as a matter of law the perpetrator was not acting within the scope of employment but solely for her own benefit when she assaulted and sexually molested the young girl.  *Randi F.*, 170 Ill.App.3d at 966, 524 N.E.2d at 966.  Similarly, in *Deborah K. v. Sperlik*, 2005 WL 3299804 (N.D.Ill. 2005) Judge Hibbler granted defendant's motion to dismiss claims against defendants based upon *respondeat superior* for battery and IIED, stating "Illinois has consistently held that acts of sexual misconduct are *per se* unrelated to any employer's business."  Citing both *Deloney*, supra., and *Randi F.*, supra.  *Deborah K.*, 2005 WL 3299804 at 3.

WHEREFORE, LM II requests that Counts II through VI be dismissed with prejudice.

Respectfully submitted,

/s/Glenn R. Gaffney
Glenn R. Gaffney
Attorney for La Magdalena II

**CERTIFICATE OF SERVICE**

Justin R. Gaffney certifies that on May 8, 2008 he e-filed the above and foregoing via the Case Management/Electronic Case Filing system with the Clerk of the U.S. District Court.  The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

/s/Justin R. Gaffney
Justin R. Gaffney
Attorney for Defendant

Glenn R. Gaffney  (No. 6180598)
Justin R. Gaffney   (No. 6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200