IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANE DOE, a minor,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )
                                      )      No.  ( 08 C 1149 )
LA MAGDALENA II, INC., an Illinois    )
corporation,                          )
                                      )
            Defendant.                )
                                      )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe, a minor, has filed a complaint ("the complaint") against defendant La Magdalena II, Inc. ("LM II"), seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and state law.  Defendant has filed a motion to dismiss the state law claims pursuant to FED. R. CIV. P. 12(b)(6).  For the following reasons, the motion is granted.

I.

According to the complaint, plaintiff was hired as a hostess to work in defendant's restaurant La Magdalena in Elk Grove Village in April 2006.  Shortly after she began her employment, plaintiff alleges she was subjected to unwelcome, unwanted and repeated sexually suggestive comments and physical sexual advances by other male employees and her supervisor, Fernando Lopez.  According to the complaint, Lopez was charged with the

criminal offense of aggravated criminal sexual assault in the Circuit Court of Cook County as a result of his actions toward plaintiff. Lopez is alleged to have fled the country before his trial. Plaintiff alleges Lopez's conduct towards plaintiff was severe and pervasive and known to other staff members. Plaintiff claims she was constructively discharged by defendants in August 2006.

Plaintiff seeks relief against defendant for sexual harassment (count I); negligent hiring, supervision, and retention (count II); negligent infliction of emotional distress ("NIED") (count III); intentional infliction of emotional distress ("IIED") (count IV); willful and wanton misconduct (count V); and assault and battery (count VI).

## II.

In assessing defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).

III.

Defendant moves to dismiss the state law claims against LM II on the grounds that plaintiff's claims are either preempted by the Illinois Worker's Compensation Act ("IWCA"), or the Illinois Human Rights Act ("IHRA"). As a preliminary matter, preemption under the IWCA is an affirmative defense which defendant must plead. *See, e.g., Arnold v. Janssen Pharm., Inc.*, 215 F.Supp.2d 951, 956 (N.D. Ill. 2002); *Bustamonte v. Tin, Inc.*, No. 07 C 970, 2008 WL 360786, at *3-4 (N.D. Ill. Feb. 11, 2008) (Lefkow, J.) (citing Fed. R. Civ. P. 8(c)). Therefore, it need not be anticipated by plaintiff in her complaint and cannot be the basis to dismiss unless plaintiff has plead herself out of court. *Id.;* see also *Tregenza v. Great Am. Comm. Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

Plaintiff has plead herself out of court with respect to her state law negligence claims. "The IWCA abrogates employer liability for all common law negligence claims." *Arnold*, 215 F. Supp. 2d at 957 (quoting *Walker v. Doctors Hosp.*, 110 F. Supp. 2d 704, 714 (N.D. Ill. 2000)) (alternations omitted); see also *DeFronzo v. Conopco, Inc.*, 357 F. Supp. 2d 1062, 1064 (N.D. Ill. 2005). Claims of willful and wanton misconduct by an employer are also barred by the IWCA. *Arnold*, 215 F. Supp. 2d at 957 (citing *Lannom v. Kosco*, 158 Ill.2d 535, 539, 634 N.E.2d 1097,

3

1100-01 (Ill. 1994)).   To be exempt from this bar, plaintiff would have to establish that the injury "(1) was not accidental, (2) did not arise from . . . her employment, (3) was not received during the course of employment or (4) was noncompensable under the Act."   *Collier v. Wagner Castings Co.*, 81 Ill.2d 229, 237, 408 N.E.2d 198, 202 (Ill. 1980).   The allegations in the complaint plainly foreclose all of the above.   Accordingly, plaintiff's negligence claims contained in counts II-III (negligent supervision, hiring and retention, and NIED), and the willful and wanton misconduct claim in count V are dismissed.

Defendant argues plaintiff's remaining state law claims are also preempted by the IHRA.   Common law torts are not preempted by the IHRA unless they are "inextricably linked" to the civil rights claim "such that there is no independent basis for the action apart from the Act itself."   *Masimovic v. Tsogalis*, 177 Ill.2d 511, 517, 687 N.E.2d 21, 23 (Ill. 1997) *cited in Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006).   Claims for assault, battery, and IIED that rest solely on allegations of sexual harassment are preempted.   *See Quantock v. Shared Mktg. Servs.*, 312 F.3d 899, 902, 905 (7th Cir. 2002) (per curiam)(IIED claim preempted); *Thomas v. L'Eggs Prods., Inc.*, 13 F. Supp. 2d 806, 810 (C.D. Ill. 1998) (battery claim preempted).   "The distinction between claims that are preempted and claims that are

4

not preempted turns on the legal duty that the defendant allegedly breached." *Naeem*, 444 F.3d at 604. The conduct at issue must be actionable independent of the IHRA. *See, e.g., id.* at 605 ("[plaintiff's] claim rests not just on behavior that is sexually harassing, but rather behavior that would be a tort no matter what the motives of the defendant").

Plaintiff's claims against LM II are preempted by the IHRA. Illinois law dictates an employer is not liable for an employee's intentional torts, as these fall outside the scope of employment. *McPherson v. City of Waukegan*, 379 F.3d 430, 443-444 (7th Cir. 2004) (examining Illinois law); *Wright v. City of Danville*, 174 Ill.2d 391, 404-05, 675 N.E.2d 110, 117-18 (Ill. 1996); *see also Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 708 (7th Cir. 2008) ("deliberate wrongs by an employee are not imputed to his employer unless they are not only within the scope of his employment but in attempted furtherance of the employer's goals"). There is no allegation here that Lopez's or any other employees' conduct was in furtherance of LM II's goals. In this case, the sexual harassment provisions of the IHRA provide the duty that LM II is alleged to have breached in these state law claims, and are thus "inextricably linked" to plaintiff's claims. *See Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 517-18, 639 N.E.2d 1273, 1277 (Ill. 1994) ("allegations [of

independent tort] were actually included for no reason other than to provide some basis for extending to . . . the employer[] responsibility for the sexual harassment"); *cf. Maksimovic*, 177 Ill.2d at 514, 687 N.E.2d at 22 (plaintiff was able to establish the necessary elements of each tort independent of any legal duties created by the IHRA when defendant restaurant was owned and operated by defendant tortfeasor). Accordingly, the state law claims are dismissed.

IV.

For the foregoing reasons, defendant's motion to dismiss is granted. Plaintiff's state law claims in counts II-VI are dismissed.

ENTER ORDER:

_____

**Elaine E. Bucklo**
United States District Judge

DATED: June 18, 2008